495 A.2d 540

**COMMERCIAL CREDIT CORPORATION, Appellant,**

v.

**Ruth Ann CACCIATIORE, a/k/a Ruth Ann Lewis.**

Superior Court of Pennsylvania.

Argued March 26, 1985.

Filed May 24, 1985.

Reargument Denied July 30, 1985.

William L. McLaughlin, Paoli, for appellant.

Before BECK, POPOVICH and TROMMER, JJ.*

POPOVICH, Judge:

This is an appeal from the order of the Court of Common Pleas of Delaware County (per Judge Levy) dismissing the appellant's, Commercial Credit Corporation's, complaint in assumpsit against Ruth Ann Cacciatiore, a/k/a Ruth Ann Lewis. We affirm.

* Judge Evelyn M. Trommer, Senior Judge of the Court of Common Pleas of Philadelphia County, is sitting by designation.

The facts reveal that on October 13, 1981, the appellant filed a complaint alleging that the appellee owed it a balance of $5,993.55 on monies loaned October 6, 1976.

On October 19, 1981, and August 2, 1983, the Sheriff was unsuccessful in serving the appellee. On both occasions, the Sheriff's return read that the appellee had either moved or no longer lived at the address where the service of process was attempted.

It appears of record that, prior to the second unsuccessful service of the complaint, counsel for the appellant filed a praecipe with the "Office of Judicial Support" seeking reinstatement of the complaint. Thereafter, service of the complaint was effectuated and prompted the filing of a "Motion For Dismissal Pursuant To Delaware County Rule of Court No. 212" by counsel for the appellee. The Rule provides:

In all actions begun on or before December 31, 1981, a certificate of readiness must be filed not more than 240 days after the action is commenced. A civil action is commenced when the praecipe for writ or complaint is filed. Any party may certify a case ready for trial prior to the expiration of the 240 day deadline.

In response, counsel for the appellant filed an answer and new matter alleging, as is relevant herein, that:

12. Counsel for the [appellant] for the purpose of this rule, has always construed to [sic] rule to mean that the 240 day period commences when an unserved complaint is reinstated and service later-made [sic] of the reinstated complaint.

According to the appellant's brief, with which no one takes issue, no briefs were submitted by either side nor did the trial court hear argument before granting the dismissal motion. This appeal ensued, and, thereafter, a "concise statement of the matters complained of in appeal" was ordered filed by the trial court. (*See* Appellant's Brief at 5) In compliance therewith, the appellant posits the following arguments in support of his request for a reversal of the trial court's action; *viz.:*

1. WAS THE COURT'S ACTION IN DISMISSING THE CASE IN VIOLATION OF Pa.R.C.P. 239(f)?
2. IS DELAWARE COUNTY RULE 212, AS CONSTRUED BY THE COURT, CONTRARY TO THE PROVISIONS OF PA.R.C.P. 239(b)?
3. DOES DELAWARE COUNTY RULE 212 IMPLEMENT THE UNIFIED JUDICIAL SYSTEM AND FACILITATE STATEWIDE PRACTICE?
4. WAS COMMERCIAL CREDIT DEPRIVED OF PROPERTY WITHOUT DUE PROCESS OF LAW?

Of interest here is the fact that procedurally the issues raised by the appellant were done so for the first time in response to the trial court's request, made pursuant to Pa.R.App.P. 1925(b), for "a concise statement of the matters complained of in appeal."

■ We find that the issues raised by the appellant, notwithstanding the trial court's treatment thereof in its opinion to this Court, are waived save for Point # 12 reproduced *supra.* This result is in accordance with the Supreme Court's decisions in *Dilliplaine v. Lehigh Valley Trust Co.*, 457 Pa. 255, 322 A.2d 114 (1974) and *Commonwealth v. Clair*, 458 Pa. 418, 326 A.2d 272 (1974), which announced the waiver rule in civil and criminal cases. The rationale for strict compliance with the preservation requirements enunciated in *Dilliplaine* appear in *Tagnani v. Lew*, 493 Pa. 371, 375, 426 A.2d 595, 597 (1981):

With the volume and complexities of the matters coming to our judicial system for resolution, it has become imperative that the former paternalistic approach be discarded and a high degree of professionalism be insisted upon. Our resources are not unlimited and must be utilized to provide the greatest good to the greatest number. To maximize our efficiency and to maintain and enhance the quality of our dispute resolution process, strict compliance with the procedures designed for issue preservation is essential.

Despite the appellant's inclusion of Point # 12 in its answer and new matter, filed in response to the appellee's motion to dismiss, *nowhere is there any mention of the four (4) issues presently appearing in the appellant's brief to us.* We believe this to be fatal. *See, e.g., City of Pittsburgh v. Pa.,* 490 Pa. 264, 270 n. 7, 416 A.2d 461, 464 n. 7 (1980) (Argument that did not appear in the pleadings was deemed waived for appellate review purposes in accordance with *Dilliplaine* ); *cf. Richardson v. LaBuz,* 81 Pa.Cmwlth. 436, 442, 474 A.2d 1181, 1189 (1984) ("... we agree with the court en banc that the Commonwealth waived the statute of limitations defense by not raising it seasonably in new matter."). This position was alluded to in dictum by this Court in *Bell v. Bell,* 326 Pa.Super. 237, 252 n. 2, 473 A.2d 1069, 1077 n. 2 (1984):

> ... we wish to acknowledge our agreement with the trial court that those arguments raised by the appellant for the first time in her concise statement of matters complained of on appeal are waived. *See Benson v. Penn Central Transportation Co.,* 463 Pa. 37, 41, 342 A.2d 393, 395 (1975); *Dilliplaine v. Lehigh Valley Trust Co.,* 457 Pa. 255, 322 A.2d 114 (1974).

And, the fact that the trial court addressed the issues presented in the appellant's concise statement of matters complained of on appeal is not enough to rectify the initial deficiency. As much was stated by our Supreme Court in *Commonwealth v. Gravely,* 486 Pa. 194, 404 A.2d 1296 (1979). We see no reason for not applying the logic of *Gravely's* specificity requirement in post-verdict motions as a condition precedent to preserving an issue for appellate review to the civil arena of the law. *Accord Cherry v. Willer,* 317 Pa.Super. 58, 463 A.2d 1082 (1983).

■ Also, since the requirements of Rule 1925(b) have been held to be directory and not mandatory, such that non-compliance therewith by a defendant will not preclude him from raising those issues properly raised in post-verdict motions on appeal, *see Commonwealth v. Silver,* 499 Pa. 228, 452 A.2d 1328 (1982), the same rationale should hold

true in the converse, i.e., failure to preserve issues in post-trial documents cannot be rectified by proffering them in response to a Rule 1925(b) order of court. To hold otherwise would be an aberration of the law.

Thus, finding the issues (save for Point # 12 [1]) waived, we affirm the order of the trial court.

1. Since the trial court's opinion at page 8 adequately responds to the appellant's Point # 12 argument, we need say no more.