**K–B BUILDING CO., Appellee,**

v.

**HERMARA ASSOCIATES, INC., t/d/b/a HRC Associates, Ronald Lysinger, Robert M. Darrah, Leanne R. Sukenik, and James Barber, Appellants.**

**K–B BUILDING CO., Appellee,**

v.

**HERMARA ASSOCIATES, INC., t/d/b/a HRC Associates, Ronald Lysinger, Robert M. Darrah, Leanne R. Sukenik, and James Barber, Appellees.**

**Appeal of James BARBER, Individually and Hermara Associates, Inc., t/d/b/a HRC Associates, Appellant.**

Superior Court of Pennsylvania.

Argued Dec. 9, 1997.

Filed April 14, 1998.

Vincent J. Barbera, Somerset, for K–B Building.

Thomas W. Cartwright, Johnstown, for James Barber.

Before DEL SOLE, FORD ELLIOTT and CERCONE, JJ.

DEL SOLE, Judge:

Before us are cross-appeals from a judgment entered in a case where a jury rendered a verdict on special interrogatories finding each of the five defendants liable on counts of civil conspiracy, interference with contractual relations and interference with prospective business relations. Three of the five defendants were found liable for breach of duty of loyalty. Although no punitive damages were awarded, specific dollar amounts were entered on the verdict slip for each individual defendant. On the counterclaim the jury awarded three of the original defendants damages for unpaid wages. Both the plaintiff and the defendants filed timely motions for post-trial relief. After 120 days had passed without a decision being rendered by the trial court, plaintiff filed a praecipe for entry of judgment on the verdict, pursuant to Pa.R.C.P. 227.4. This timely appeal followed.

As both the parties and the trial court recognize, this court is hampered in its review of the issues presented due to the trial court's failure to rule on the post-trial motions. The trial court in its "Statement in Lieu of Opinion" recognized the difficult circumstance with which it was faced. Following the filing of the post-trial motions, the court heard argument on plaintiff's request that the verdict be molded. A number of continuances were granted to enable the transcription of the jury trial record. Before the scheduled argument on the remaining motions took place, the plaintiff filed a praecipe for entry of judgment on the verdict in accordance with Pa.R.C.P. 227.4. This rule allows for the entry of judgment upon praecipe of a party when a court does not enter an order disposing of post-trial motions within 120 days from the filing of the first motion. Under these circumstances the trial court found that it was unable to rule on the motions and did not address the merits of the issues.

The trial court properly recognized that once 120 days had passed, a judgment had been entered, and an appeal had been filed, it was without jurisdiction to rule on the merits of the post-trial motions. However, there is nothing contained in Pa.R.C.P. 227.4 which relieves a trial court of responsibility for writing an opinion on the legal merits of the issues presented by the parties for review. Pa.R.A.P.1925. While a trial court in this situation is powerless to act by entry of an order, the court is required to write an opinion on the legal merits of the issues and to suggest what relief it would have granted had it been able to take such action in a timely fashion.

Thus, we remand the record in this case to the trial court. It shall schedule argument, if needed, and file an opinion within 60 days of receipt of the record limited to those issues raised by the parties on appeal.

Case remanded. Jurisdiction of this court and this panel is retained.