COMMONWEALTH of Pennsylvania, Appellee

v.

Michael J. KOHAN, Appellant.

Superior Court of Pennsylvania.

Submitted Jan. 6, 2003.
Filed May 23, 2003.

J. Richard Narvi, Pittsburgh, for appellant.

Michael W. Streily, Deputy Dist. Atty., and Kevin F. McCarthy, Asst. Dist. Atty., Pittsburgh, for Com., appellee.

Before: GRACI, CAVANAUGH, JJ., and McEWEN, P.J.E.

GRACI, J.

¶1 Appellant, Michael J. Kohan ("Kohan"), has taken this appeal from the judgment of sentence to serve a term of imprisonment of from three years to six years, imposed after a jury found him guilty of sexual assault, aggravated indecent assault and indecent assault. We affirm.

## I. FACTUAL AND PROCEDURAL HISTORY

¶2 The distinguished Judge Lawrence J. O'Toole, has provided this Court with the following accurate summary of the procedural history of this case:

On March 17, 1999, the defendant was charged at CC199905011 with one count each of rape, sexual assault, aggravated indecent assault, and indecent assault.[1]

... On February 25, 2000, the defendant proceeded to a jury trial on these charges before the Honorable Lawrence J. O'Toole. That same day the jury returned a verdict of guilty on the counts of sexual assault, aggravated indecent assault, and indecent assault. The jury was hung on the rape charge. On April 24, 2000, the rape charge was nolle prossed. The defendant proceeded to sentencing on the other charges. He was sentenced to a term of imprisonment of not less than thirty-six (36) months nor more than seventy-two (72) months on count two, sexual assault, and to no further penalty as to counts three and four. No appeal was filed. On July 12, 2000, Mr. Kohan filed a Post Conviction Relief Act Petition. Counsel was appointed and after the filing of an amended petition, on July 27, 2001 this Court reinstated Mr. Kohan's appellate rights nunc pro tunc. In response to this Court's order counsel for petitioner filed a Concise Statement of Matters Complained of Pursuant to Rule 1925(b) of the Rules of Appellate Procedure. In that statement he made the following claims:

1. Trial counsel was ineffective in failing to locate and call several witnesses known to trial counsel who would have provided exculpatory testimony:

a. Cindy Maseth ... would have testified that the alleged victim, Jennifer Stoyle, had made prior claims that she intended to get the defendant and put him in jail before the occurrence of the alleged sexual assault.

b. Donny Sasinowski ... would have testified that the [victim] did, in

---

1. The complainant in this case was a woman with whom appellant previously had a relationship.

fact, state that she filed these charges to get rid of the defendant and get on with her life.

2. Because a witness' bias is always relevant and the evidence in this case was strictly a matter of credibility, as both the victim and the defendant testified, any evidence of bias or ill will on the part of the victim would have been relevant to his defense.

Opinion, 1/31/02, at 1–2.

¶ 3 Counsel for appellant, in his brief to this Court, states two questions for review, which we set out as follows:

I. Was trial counsel ineffective for failing to call Cindy Maseth as a witness at trial . . . ?

II. Does the proposed testimony of Donny Sasinowski constitute substantial after discovered evidence . . . ?

Brief for Appellant, at 3.

## II. DISCUSSION

¶ 4 As for Kohan's first claim, *i.e.,* the assertion of ineffectiveness for failing to investigate and obtain a relevant witness, the record is lacking a factual basis upon which to grant relief. We are compelled, however, to the conclusion that this is precisely the type of issue that falls within the holding of the recent decision of the Pennsylvania Supreme Court in *Commonwealth v. Grant,* 813 A.2d 726, 738 (Pa.2002), which held that "as a general rule, a petitioner should wait to raise claims of ineffective assistance of trial counsel until collateral review." Therefore, like the court in *Grant,* we dismiss Kohan's claim for ineffective assistance of counsel without prejudice to Kohan's assertion of his ineffectiveness claim in the context of a petition timely filed under the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541 *et seq.* ("PCRA").

¶ 5 Turning to Kohan's second claim, initially, it must be noted that in his statement of matters complained of on appeal as set forth above, this after-discovered evidence claim was set forth as part of the claim that trial counsel was ineffective in failing to call several witnesses "who would have provided exculpatory testimony." Statement Pursuant to Rule 1925(b) of Appellate Procedure, 11/21/01, at 2. That is how the trial court understood it in crafting his Rule 1925(a) Opinion. Opinion, 1/31/02, at 1–2. This was one of the two issues set forth by Kohan which the trial court said could not be resolved without an evidentiary hearing. *Id.* at 3. On appeal, this claim has been transmogrified into an after-discovered evidence claim.

¶ 6 Claims not raised in a Rule 1925(b) statement are waived and may not be addressed on appeal. *Commonwealth v. Lord,* 553 Pa. 415, 719 A.2d 306, 309 (1998). There is no waiver, here, however, because Kohan was not required to raise this claim of after-discovered evidence in this direct appeal. This issue is not properly before us. Accordingly, Kohan may pursue any and all claims for relief he may have, including this after-discovered evidence claim if he so chooses, in a timely-filed petition under the PCRA. *See* 42 Pa. C.S.A. §§ 9543(a)(3) (in order to be eligible for relief under PCRA petitioner must plead and prove that issue is not waived) and 9544(b) (issue waived if it could have been raised on direct appeal).

¶ 7 Only issues that are properly raised and preserved in the trial court may be considered on appeal. Pa.R.A.P. 302(a). Issues raised before or during trial are properly preserved for appeal. Pa. R.Crim.P. 720(B)(1)(c). So are issues raised in a timely optional post-sentence motion, provided those issues were properly preserved at the appropriate point in

the proceedings. Pa.R.Crim.P. 720(B). For example, a criminal defendant could not assert a claim in a post-sentence motion for a new trial that evidence was erroneously admitted during his trial if he hadn't lodged an objection during the trial when the evidence was admitted. Failure to object results in a waiver of the claim. *Commonwealth v. Pearson,* 454 Pa.Super. 313, 685 A.2d 551, 555 (1996) (*en banc*). *See also Commonwealth v. Hudson,* 820 A.2d 720, 2003 WL 1344811 (Pa.Super., March 18, 2003) (claim of ineffective assistance of counsel raised in timely post-sentence motion may be considered on direct appeal from judgment of sentence).

¶ 8 Once an appeal has been taken, except in limited circumstances not present here, a trial court may no longer take any substantive action in a case. Pa.R.A.P. 1701(a); *Commonwealth v. Pearson,* 454 Pa.Super. 313, 685 A.2d 551, 557 (1996) (*en banc*). At that point, however, the trial court is required to write an opinion setting forth the reasons for its order or other matters appealed from if the reasons do not already appear in the record. Pa. R.A.P.1925(a); *K–B Building Co. v. Hermara Associates, Inc.,* 709 A.2d 918, 919 (Pa.Super.1998). The trial court may not enter any kind of an order on the claims but may indicate how it would have acted if permitted to do so. *Id.* (though trial court had failed to timely act on post-trial motions before judgment was entered as permitted by the rules, court was still required to issue non-dispositive opinion under Rule 1925).[2]

¶ 9 A Rule 1925(a) opinion is the first part of the appellate process. As the Supreme Court said in *Commonwealth v. Lord,* 719 A.2d at 308:

The absence of a trial court opinion poses a substantial impediment to meaningful and effective appellate review. Rule 1925 is intended to aid trial judges in identifying and focusing upon those issues which the parties plan to raise on appeal. *Rule 1925 is thus a crucial component of the appellate process.*

(emphasis added). Frequently, such opinions identify issues that, for one reason or another, are waived. Sometimes they identify where issues have been raised and preserved and put them in their proper context. Such identification is important to the appellate court reviewing the issues.

■ ¶ 10 To assist it in preparing its Rule 1925(a) opinion, a trial court is authorized upon the taking of an appeal to direct the appellant to file and serve upon the court a concise statement of matters complained of on appeal. Pa.R.A.P.1925(b). Failure to raise an issue in a Rule 1925(b) statement results in waiver of that issue on appeal. *Lord,* 719 A.2d at 309. This is so even though the particular issue was preserved under Rule 720(B)(1)(c) by having raised it at or before trial. *Id.* (observing that there is no conflict between Rule 720 (previously 1410) and Rule 1925 in this regard). However, "[a] party cannot rectify the failure to preserve an issue by proffering it in response to a Rule 1925(b) order." *Davis v. Woxall Hotel, Inc.,* 395 Pa.Super. 465, 577 A.2d 636, 639 n. 3 (1990) (citing *Commercial Credit Corp. v. Cacciatore,* 343 Pa.Super. 430, 495 A.2d 540, 543 (1985)).

¶ 11 Here, to the lament of the trial court, Opinion, 1/31/02, at 2, Kohan raised this ineffective assistance/after-discovered evidence claim for the first time in his Rule 1925(b) statement. Accordingly, the

---

**2.** This is exactly what the learned trial court did in this matter. It bears emphasis that the trial judge in his Opinion astutely observed that "[t]here is no need to review the facts in this case because the case should be remanded to the trial court for disposition of Mr. Kohan's claims of ineffectiveness of trial counsel." Opinion, 1/31/02, at 2.

trial court was powerless to act on it. *Pearson, supra.* The question, then, is how are we to treat this issue. If this issue had been presented as an ineffective assistance claim to this Court as it was presented to the trial court in the Rule 1925(b) statement, we would dismiss it under *Grant,* just as we are dismissing Kohan's other claim. We believe that this after-discovered evidence claim should be treated as we now are required to treat claims of ineffective assistance of counsel when they are raised for the first time on direct appeal.

¶ 12 Before *Grant,* it had long been the law that claims of ineffective assistance of counsel were required to be raised at the first opportunity after the defendant was no longer represented by the counsel whose effectiveness was being challenged. *See Commonwealth v. Hubbard,* 472 Pa. 259, 372 A.2d 687, 695 n. 6 (1977). There was never any similar requirement with respect to motions for new trial based on after-discovered evidence, however.[3]

¶ 13 More importantly, after-discovered evidence claims, like claims of ineffective assistance of counsel claims, are fact specific.[4] For the reasons stated in *Grant,* we should not attempt to address claims of after-discovered evidence in the first instance. Like ineffectiveness claims, after-discovered evidence claims "by their very nature, often involve claims that are not apparent on the record." *Grant, supra,* at 737. The trial court is required to determine if the evidence was, in fact, discovered after trial and could not have been discovered with reasonable diligence at or before trial, whether it is merely cumulative of other evidence admitted at trial, and whether it is merely used to impeach. Secondly, like an ineffective assistance of counsel claim, an after-discovered evidence claim must be viewed in the context of the whole trial for relief may only be granted if the outcome of the proceeding would have been changed by the after-discovered evidence. *See* 42 Pa.

---

3. To be sure, the rules of criminal procedure mandate that "[a] motion for a new trial on the ground of after-discovered evidence must be filed in writing promptly after such discovery." Pa.R.Crim.P. 720(C). That rule addresses the time in which such a motion must be filed. It clearly provides that such a motion be addressed to the trial court, stating: "If an appeal is pending, the judge may grant the motion only upon remand of the case." *Id.* Such a motion may not be addressed in the first instance by an appellate court. Accordingly, Rule 720(C) does not support our resolution of such a claim raised for the first time on direct appeal.

4. This Court has said that an after-discovered evidence claim under section 9543(a)(2)(vi) requires a petitioner to establish that: "(1) the evidence has been discovered after the trial and it could not have been obtained at or prior to trial through reasonable diligence; (2) such evidence is not cumulative; (3) it is not being used solely to impeach credibility; and (4) such evidence would likely compel a different result." *Commonwealth v. Fiore,*

780 A.2d 704, 711 (Pa.Super.2001) (citing *Commonwealth v. Abu–Jamal,* 553 Pa. 485, 720 A.2d 79, 94 (1998)). "We have recognized that "[t]he 1995 amendments to the PCRA changed the language in § 9543(a)(2)(vi) 'would have *affected* the outcome of the trial' to 'would have *changed* the outcome of the trial.' " *Id.* at 713 n. 4 (recognizing change in statutory language and concluding that after-discovered evidence "if believed by a jury would likely have *changed* the outcome of the trial"). These all involve fact-driven questions to be determined, in the first instance by the trial court as we explain in the text. We note that the Supreme Court has stated that an after-discovered evidence claim under the predecessor of section 9543(a)(2)(vi) did not require a showing of the second and third prongs of the above-stated after-discovered evidence test, saying that the standard in the statute is less restrictive. *Commonwealth v. Frey,* 512 Pa. 557, 517 A.2d 1265, 1267 n. 4 (1986). Whether the test for after-discovered evidence has two or four elements, they are for the trial court to decide based on the facts presented.

C.S.A. § 9543(a)(2)(vi). The effect of the after-discovered evidence can be "determined more accurately after the trial and appellate courts have had the opportunity to review the alleged claims of error and if necessary, correct any trial court errors. It is only after this review that the full effect of [the after-discovered evidence] can be placed in the context of the case." *Grant, supra,* at 737. Lastly, as with ineffectiveness claims, "the trial court is in the best position to review claims [of after-discovered evidence] in the first instance as that is the court that observed [the trial] first hand" and will be able to assess the after-discovered evidence and its effect on the verdict and whether it would have changed in the proper context. *Id.* A criminal defendant needs a forum in which to develop these factual claims. The trial court is the only forum in which a defendant may do so.

¶ 14 Moreover, following this same procedure on after-discovered evidence claims raised for the first time on appeal would be consistent with the body of case law that has developed by the Supreme Court since the enactment of the amendments to the PCRA in early 1996 which mandate that for claims cognizable under the PCRA, the PCRA provides the sole and exclusive remedy. To arrive at this result, the Supreme Court relied on section 9542 of the PCRA which provides, in pertinent part:

This subchapter provides for an action by which persons convicted of crimes they did not commit and persons serving illegal sentences may obtain collateral relief. The action established in this subchapter [the PCRA] shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose that exist when this subchapter takes effect, including habeas corpus and coram nobis. This subchapter is not intended to limit the availability of remedies in the trial court or on direct appeal from the judgment of sentence, to provide a means for raising issues waived in prior proceedings or to provide relief from collateral consequences of a criminal conviction.

42 Pa.C.S.A. § 9542. Most recently, the court said of this statutory language:

This provision setting forth the exclusivity of the PCRA as the means for collaterally attacking criminal convictions was enacted as a part of the original PCRA in 1988. Interpreting § 9542 according to its plain language, this Court has consistently, repeatedly and unequivocally recognized . . . the exclusivity of the PCRA in the arena in which it operates. [*Commonwealth v.*] *Lantzy,* [558 Pa. 214] 736 A.2d [564], 570 [ (1999) ]; *see also Commonwealth v. Hall,* 565 Pa. 92, 771 A.2d 1232, 1235 (2001) (plain language of § 9542 demonstrates General Assembly's clear intent that claims that could be brought under PCRA must be brought under that Act); *Commonwealth v. Yarris,* 557 Pa. 12, 731 A.2d 581, 586 (1999) (by its own language, and by judicial decisions interpreting that language, PCRA is sole means for obtaining state collateral relief for claims cognizable under PCRA); *Commonwealth v. Chester,* 557 Pa. 358, 733 A.2d 1242, 1251 (1999) (PCRA subsumes remedy of habeas corpus with respect to remedies offered under PCRA); *Commonwealth v. Ahlborn,* 548 Pa. 544, 699 A.2d 718, 721 (1997) (PCRA "specifies that it is the *sole* means of obtaining collateral relief, and that it supercedes common law remedies").

*Commonwealth v. Eller,* 569 Pa. 622, 807 A.2d 838, 842 (2002). The high court has been emphatic that where the PCRA provides a remedy, it is exclusive and that as

" 'between a unified statutory procedure or bifurcated review having statutory and common law components, it seems clear that the General Assembly intended to channel all claims requiring review through the framework of the PCRA.' " *Lantzy*, 736 A.2d at 569 (quoting *Chester*, 733 A.2d at 1250). The PCRA envisions one post-conviction petition collaterally attacking a sentence in which all claims are raised. Certainly, like claims of ineffective assistance of counsel, 42 Pa.C.S.A. § 9543(a)(2)(ii), claims of after-discovered evidence are cognizable under the PCRA. 42 Pa.C.S.A. § 9543(a)(2)(vi). Upon conclusion of direct review, appellant would have a year to bring this and any other cognizable claim. 42 Pa.C.S.A. § 9545(a). Since we would not have addressed the merits of the claim, it will not be "previously litigated." 42 Pa.C.S.A. §§ 9543(a)(3) and 9544(a). Since this claim could not have been properly brought before or during trial or on direct appeal, it will not be deemed to be waived (for the reasons set forth above). *Id.* In order to maintain a unified statutory procedure, a person in Kohan's situation must seek relief on all of his claims under the PCRA in a timely petition. Accordingly, consistent with *Grant*, claims of after-discovered evidence raised for the first time on direct appeal, like claims of ineffective assistance of counsel, will generally be dismissed without prejudice to the assertion of those claims in a timely filed petition under the PCRA.[5]

### III. CONCLUSION

¶ 15 We hold that, as a general rule, claims of after-discovered evidence raised for the first time on direct appeal, like claims of ineffective assistance of counsel, will be dismissed without prejudice to their being raised in a timely filed petition under the PCRA. The PCRA court will decide if a hearing is required to resolve these and any other properly pled claims. *Grant, supra*, at 737. Accordingly, applying these general rules to the facts of this case, Kohan's claims of ineffective assistance of counsel and after-discovered evidence are dismissed, without prejudice, and his judgment of sentence is affirmed.

¶ 16 Judgment of sentence affirmed.

¶ 17 CAVANAUGH, J., files concurring opinion.

¶ 18 McEWEN, P.J.E., files concurring and dissenting opinion.

CAVANAUGH, J., concurring.

¶ 1 I join the majority opinion and note with satisfaction that it does not impose an absolute rule of deferral to the P.C.R.A. as the avenue of relief. There are cases where after (or newly) discovered evidence arguments are so patently lacking in merit that they may, and should be, considered on direct appeal.

McEWEN, P.J.E., concurring and dissenting.

¶ 1 The author of the Majority Opinion has undertaken a persuasive expression of rationale. I am compelled to dissent, however, from that part of the Opinion that expands the effect of the Supreme Court's decision in *Commonwealth v. Grant*, 813 A.2d 726 (Pa.2002).

---

5. Of course, if a claim of after-discovered evidence was raised in a timely post-sentence motion for a new trial and decided by the trial court in conformity with Rule 720, we could review the claim on direct appeal. *See Commonwealth v. Hudson*, 820 A.2d 720 (Pa.Super.2003) (claim of ineffective assistance of counsel raised in timely post-sentence motion may be considered on direct appeal from judgment of sentence).

¶ 2 Appellant, in the brief he has submitted to this Court, has presented two questions for our review, specifically:

Was trial counsel ineffective for failing to call Cindy Maseth as a witness at trial when if called to testify she would have testified that the victim had made previous statements regarding removing the defendant from her life so that she could get married and go on with her life?

Does the proposed testimony of Donny Sasinowski constitute substantial after discovered evidence as he would have testified that the victim had made previous statements regarding removing the defendant from her life so that she could move on with her life without him?

The Majority quite correctly declares that the challenge posed in the first question should be rejected "without prejudice to Kohan's assertion of his ineffectiveness claim in the contexts of a petition timely filed under the Post Conviction Relief Act." However, after careful consideration of the second question, I agree with the Commonwealth that appellant has failed to support this request for relief, and has not established the predicate requirements for obtaining a new trial on the basis of a claim of after-discovered evidence. *See: Commonwealth v. Pursell,* 555 Pa. 233, 259–60, 724 A.2d 293, 306–07 (1999), *cert. denied,* 528 U.S. 975, 120 S.Ct. 422, 145 L.Ed.2d 330 (1999).[6]

 ¶ 3 I am not aware of any judicial authority for the declaration of the majority that "Kohan was not required to raise this claim of after-discovered evidence in this direct appeal". Rather, in my view, this declaration composes an extension of the heretofore limited rule announced by the Pennsylvania Supreme Court in *Commonwealth v. Grant, supra.* So certain an extension of a limited rule[7] should not be pronounced by this Court but from the Pennsylvania Supreme Court.[8]

¶ 4 Thus it is that I dissent.

---

that was presented in the same procedural posture as the present case.

**6.** This not to say, however, that appellant could not make out a claim of layered ineffectiveness in an ensuing PCRA proceeding.

**7.** In *Commonwealth v. Mason,* 559 Pa. 500, 517–18, 741 A.2d 708, 717–18 (1999), *cert. denied,* 531 U.S. 829, 121 S.Ct. 81, 148 L.Ed.2d 43 (2000), the Pennsylvania Supreme Court addressed an after-discovered claim

**8.** It is "the duty and obligation" of the Superior Court "to follow the decisional law" of the Supreme Court. *Commonwealth v. Shaffer,* 557 Pa. 453, 460, n. 6, 734 A.2d 840, 844, n. 6 (1999).