J-S16027-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| ANTONIO MURPHY | : | |
| | : | |
| Appellant | : | No. 1134 WDA 2016 |

Appeal from the PCRA Order July 13, 2016
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s):  CP-02-CR-0014279-1993,
CP-02-CR-0014649-1993

BEFORE:   MOULTON, J., RANSOM, J., and PLATT, J.[*]

MEMORANDUM BY RANSOM, J.:                    **FILED MAY 16, 2017**

Appellant, Antonio Murphy, appeals from the order entered July 13, 2015, denying as untimely his third petition filed under the Post-Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

On May 18, 1994, Appellant was sentenced to life imprisonment, and a consecutive term of four to ten years' incarceration, following a jury trial resulting in his conviction for second-degree murder and robbery.[1]  In January 1996, this Court vacated the judgment of sentence due to the merger of the robbery sentence and remanded the case for resentencing. **See Commonwealth v. Murphy**, 676 A.2d 284 (Pa. Super. 1996)

---

[*] Retired Senior Judge assigned to the Superior Court.
[1] 18 Pa.C.S.A. §2501, 3701(a)(1)(i), respectively.

(unpublished memorandum).  In March 1996, Appellant was resentenced to a term of life imprisonment.  Appellant did not file a direct appeal.

In April 1998, Appellant filed his first petition for collateral relief, which was dismissed without a hearing.  This Court affirmed, and the Supreme Court of Pennsylvania denied Appellant's petition for allowance of appeal.  *Commonwealth v. Murphy*, 788 A.2d 1032 (Pa. Super. 2001), *appeal denied*, 796 A.2d 980 (Pa. 2002).

Appellant *pro se* filed a second PCRA petition on August 6, 2012.  Appellant's petition asserted that he was entitled to relief based upon the United State Supreme Court decision in *Miller v. Alabama*, 132 S. Ct. 2455 (2012).[2]  In September 2012, the PCRA court dismissed Appellant's petition, and this Court affirmed.  *Commonwealth v. Murphy*, 82 A.3d 1056 (Pa. Super. 2013) (unpublished memorandum).

Appellant filed the instant PCRA, his third, on March 28, 2016, seeking relief based upon a newly recognized Constitutional right.  In June 2016, the PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's petition.  The court dismissed his petition on July 13, 2016.

---

[2] *Miller* rendered Pennsylvania's mandatory scheme of life imprisonment for first and second degree murder unconstitutional, as applied to offenders under the age of eighteen (18) at the time of their crimes.  *Miller v. Alabama*, 132 S. Ct. 2455 (2012).  *Miller* was not applicable to Appellant's petition as he was 18 years of age when he committed the murder.

On August 3, 2016, Appellant timely appealed the dismissal of his PCRA and thereafter filed a court-ordered 1925(b) statement. The PCRA court issued a responsive statement.

Appellant raises the following issues:

1. In the interest of justice and fundemental [sic] fairness, did Petitioner error [sic] in seeking relief under the Juvenile Lifer issue in **Miller v. Alabama**?

2. Does the Rule of Lenity apply when the Pennsylvania Constitution and the law being practiced in Pennsylvania conflict with on[e] another?

3. Under R.C.P. 720 and **Com v. Kohan**, 825 A.2d 702 (Pa. Superior Ct. 2003), the issue of after discovered evidence which juvenile lifers should never had [sic] been denied.

Appellant's Brief at 1-A.

The standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of the record and is free of legal error. **Commonwealth v. Ragan**, 923 A.2d 1169, 1170 (Pa. 2007). We afford the court's factual findings deference unless there is no support for them in the certified record. **Commonwealth v. Brown**, 48 A.3d 1275, 1277 (Pa. Super. 2012) (citing **Commonwealth v. Anderson**, 995 A.2d 1184, 1189 (Pa. Super. 2010)).

Before considering Appellant's claims, we address the timeliness of his petition, as it implicates our jurisdiction and may not be altered or disregarded in order to address the merits of his claim. **Commonwealth v. Bennett**, 930 A.2d 1264, 1267 (Pa. 2007). Under the PCRA, all petitions

- 3 -

seeking collateral relief must be filed within one year of the date the judgment of sentence becomes final. *Id.* There are three statutory exceptions:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Additionally, any petition attempting to invoke one of these exceptions "shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Appellant's petition is untimely.[3] Thus, Appellant was required to plead and prove an exception to the PCRA timeliness requirements. Appellant does not dispute that his petition is untimely; rather, Appellant acknowledges that he must avail himself of one of the exceptions set forth in

_____

[3] Appellant's petition is patently untimely. Appellant's judgment of sentence became final on April 19, 1996; thirty days from his March 20, 1996 resentencing when he failed to file a direct appeal. *See* § 9545(b)(3) (a judgment of sentence becomes final at the conclusion of direct review or the expiration of the time for seeking review). Appellant had until April 21, 1997, to timely file a PCRA petition. Appellant's current petition, filed March 28, 2016, is approximately nineteen years late.

- 4 -

section 9545(b)(1)(i)-(iii) in order for this Court to have jurisdiction to reach the merits of his claims. *Bennett*, 930 A.2d at 1267 (stating PCRA time limitations implicate our jurisdiction and may not be altered or disregarded to address the merits of the petition).

Appellant asserts that his petition meets the timeliness exception found in 42 Pa.C.S. § 9545(b)(1)(iii). According to Appellant, *Miller*, which was held by *Montgomery v. Louisiana*, 136 S. Ct. 718 (2016), to be retroactively applicable to cases on collateral review, should apply to his case. Neither *Miller* nor *Montgomery* applies to Appellant's case. Appellant was not a juvenile when he committed the murder; rather, he was eighteen years old. *See Miller*, 132 S. Ct. at 2460 (holding only that mandatory life without parole sentences for individuals **under eighteen** at the time of their crimes are unconstitutional); *Commonwealth v. Furgess*, 149 A.3d 90, 93 (Pa. Super. 2016) (non-juvenile petitioners "at the time they committed murder are not within the ambit of the *Miller* decision and therefore may not rely on that decision to bring themselves within the time-bar exception in Section 9545(b)(1)(iii)").

Accordingly, there is no basis for a time-bar exception under §9545(b)(1)(iii), and we have no jurisdiction to entertain Appellant's underlying claims. The trial court properly dismissed Appellant's PCRA petition as untimely.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/16/2017