J-S53025-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                  :         PENNSYLVANIA
                                  :
           v.                     :
                                  :
                                  :
                                  :
KENNETH FAIXMEL                   :
                                  :
           Appellant              :   No. 899 EDA 2019

Appeal from the Judgment of Sentence Entered February 22, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0003721-2018

BEFORE:   SHOGAN, J., LAZARUS, J., and STRASSBURGER, J.[*]

MEMORANDUM BY LAZARUS, J.:                    **FILED:  MARCH 26, 2021**

Kenneth Faixmel, a/k/a Rashawn Spann,[1] appeals from the judgment of
sentence, entered in the Court of Common Pleas of Philadelphia County,
following his plea of guilty to one count each of robbery[2] and conspiracy to
commit robbery.[3]  We affirm; Faixmel's issues on appeal were not properly
preserved in the trial court.

The trial court set forth the facts of the case as follows:

[O]n March 4, 2018, [Faixmel] forcibly held down and robbed the
complainant, who was a complete stranger to him, while his co-
conspirator and charged co-defendant, Archie Swinson, sexually

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] Appellant Faixmel's legal name is Rashawn Spann.  **See** N.T. Guilty Plea
Hearing, 11/5/18, at 8.

[2] 18 Pa.C.S.A. § 3701(a)(1)(i).

[3] 18 Pa.C.S.A. §§ 903; § 3701(a)(1)(i).

and severely physically assaulted her. On that date, the victim[], at approximately 5:40 a.m., [] was walking westbound on the 1300 block of Lombard Street[,] in the City and County of Philadelphia[,] on her way to work. [] Swinson jumped out from behind her[,] grabbed her by the neck[,] and forced her into an alley on South Watts Street. Once in the alleyway, [] Swinson repeatedly punched the victim in the face, head and body, strangled her, and forced her to the ground.

While [] Swinson was violently attacking her on the ground, [] Faixmel[] joined in the assault from Watts Street[] and forcibly ripped the victim's backpack from her back, took her cellphone that she had clutched in her hand, and removed valuables out of her backpack. [Faixmel] then ran up Watts Street and ultimately down Pine Street. As [Faixmel] fled, [] Swinson continued to punch th[e] now[-]disabled and prone [victim,] attempted to remove her pants to vaginally rape her, and ultimately forced her to perform oral sex upon him when the attempted rape became too difficult for him to perform.

Th[e] victim suffered multiple physical injuries from the concerted vicious attack[,] which required emergency and follow[-]up medical treatment. [The victim] was transported via ambulance directly from the scene to nearby Hahnemann Hospital []where x-ray[] testing revealed severe head trauma[,] including a number of lacerations to the back of her head [when she struck] the concrete[ pavement during the assault. The victim's face was also] severely swollen [] from being savagely beaten.

[The victim's] emergency medical treatment [] included the sewing of five [] sutures or staples to the back of her head. Corroborating photographs[, taken while the victim was still in the hospital,] depict[] her significant injuries[,] particularly to her orbital bone and surrounding portions of her eye[. The photos] were [] introduced into evidence and viewed by th[e c]ourt. The transcribed record unequivocally reflected [the victim's] survival of long[-]lasting mental and physical traumatic injuries.

Shortly after the attack, [] Philadelphia police officers[] recovered surveillance video [footage] from [area] cameras[. U]pon viewing [the video footage, police] recognized[,] and unambiguously identified[,] Faixmel[] as one of the perpetrators. Upon [Faixmel's] arrest on March 8, 2018, during a post-***Miranda***[4]

---

[4] ***See Miranda v. Arizona***, 384 U.S. 436 (1966).

statement, [he] readily admitted his involvement in this violent assault[,] but stressed that he had not raped the victim. [Faixmel] [then] assisted police in identifying Swinson, whom he had known for several years from living on the "street."

As the [trial court d]ocket [s]ummaries reflected, upon arrest[, Faixmel] was charged with first[-]degree felonies including: aggravated assault[ and] robbery—inflict serious bodily injury[]; conspiracy to commit robbery—inflict serious bodily injury; [] rape by forcible compulsion[]; attempted rape by forcible compulsion[]; involuntary deviate sexual intercourse by forcible compulsion[]; conspiracy to commit rape; strangulation—applying pressure to throat or neck[]; and [other] related [] offenses.

From the outset, attorneys from the Defender Association of Philadelphia were appointed to represent [Faixmel]. The [] Commonwealth [] presented a *prima facie* case [] on May 18, 2018[, and a]ll charges were held over [for court.] [The Commonwealth then filed] commensurate bills of information [] on May 23, 2018.

Formal arraignment was conducted on May 31, 2018. From arraignment[,] the case was assigned to the Honorable Robert Coleman[,] [] for "Smart Room" pre-trial conferences[,] which offered [Faixmel] the [opportunity to] request alternate forms of case disposition in lieu of [proceeding to] trial. At the very least, these conferences afforded [Faixmel] the opportunity to plead guilty either before [Judge Coleman,] or before [Faixmel's] then[-]probation[-]supervising jurist[, the Honorable Rayford Means,] pursuant to [Pennsylvania] Rules of Criminal Procedure 708(c) and 701. [Faixmel] did not request any alternate form of case disposition on May 31, 2018 o[r] June 19, 2018[, the date of a subsequent pre-trial conference held before the court].

Moreover, at the [] June 19, 2018, [pre-trial conference, Faixmel], by and through his attorney, again demanded a jury trial and requested that the matter be sent to a major trial courtroom for trial scheduling. As a result [of that request], this case was then assigned to [the Honorable Anne Marie B. Coyle,] as the presiding jurist[,] and [the court scheduled] the initial pre[-]trial conference [] for July 30, 2018. On [that date, Faixmel, again], by and through his attorney, Deborah Rainey, Esquire[,] demanded a jury trial. Th[e c]ourt complied with the request and scheduled the jury trial to begin on November 5, 2018. From [the] date of arrest on March 8, 2018[,] through to November 8, 2018, [Faixmel]

made [no requests, n]or [did he] even mention[ his desire to pursue alternative means of] dispos[ition for] the case against [him,] pursuant to [] Rules [] 708(c) and 701[.]

On the day of trial[,] November 5, 2018, [] the Commonwealth [] announced that it was ready to present its consolidated case against [] co-defendants [] Faixmel and [] Swinson[.] Just before jury *voir dire* was to begin, [Attorney] Rainey [] blatantly attempted to delay the proceedings and forum shop [] by [] request[ing that Faixmel] tender a negotiated guilty plea before [Judge Coyle,] specifically conditioned upon th[e c]ourt's agreement [] to transfer sentencing and supervision duties to [Judge Means, following Judge Coyle's acceptance of Faixmel's plea. Attorney Rainey's] request was duly denied.

[] After further discussion, and pursuant to negotiations, the charges were reduced and [Faixmel] tendered a knowing, intelligently offered[,] and voluntary plea of guilty to [the above charges as first-degree felonies]. As part of the negotiation[,] sentencing [] was [deferred].

In exchange, [the Commonwealth] agreed to withdraw the multiple remaining [charges.]

Additionally, a measure[-]of[-]cooperation condition was added to the plea wherein [] Faixmel agreed to testify against [] Swinson. [Faixmel]'s potential confinement sentencing exposure was significantly reduced as a result of the negotiations[.]

On November 5, 201[8], after conducting a full oral colloquy[,] and upon reviewing the [] fully incorporated and executed written colloquy form, th[e c]ourt accepted [Faixmel's] tendered guilty plea as knowing[], voluntary[,] and intelligent[]. As part of this plea[, Faixmel] waived any previously available pre-trial motions. [Faixmel was] duly informed of all rights and responsibilities that [wer]e attached to entering the guilty plea[, with regard to both first-degree felonies of robbery and conspiracy,] including the possible imposition of a maximum potential period of forty [] years [] of state[-]supervised confinement[,] and payment [of] a $50,000 fine[]. The salient facts and circumstances supporting the entry of the guilty pleas to the two charges were succinctly read into the record and fully admitted by [Faixmel] as being [a] true and correct version of the events. [Faixmel declined his] opportunity to amend or alter any of the submitted facts. []

[] During the sentencing hearing conducted on February 21, 2019, [Attorney] Rainey[] abruptly asserted an unsupported claim that the first[-]degree felony robbery—inflict serious bodily injury offense [] should be down-graded to [the] third[-]degree felony[ of] [r]obbery committed by "force however slight" because the Commonwealth had not demonstrated the "serious bodily injury" element. Furthermore, defense counsel then threatened that if th[e c]ourt did not agree to reduce [the robbery charge] to a third-degree gradation, [Faixmel] would withdraw his previously entered guilty plea.

In response, [] Assistant District Attorney Velma Cubias, Esquire[,] stated "this is a case where the complainant is grabbed by [Swinson], dragged into an alleyway, and within . . . minutes, [Faixmel] goes in there as the [victim] is being beaten and sexually assaulted . . . as [the victim] is begging for her life, [Faixmel] steals . . . her backpack[. T]hat is clearly a conspiracy: one, to engage in that sexual assault, and that brutal beating of that female, and two, to commit the robbery." Th[e c]ourt [then] noted that "more importantly, on the record[,] it was clearly stated and reflected in the negotiated plea in its written form . . . that this was a robbery, a felony of the first [] degree, and that the conspiracy was also graded as a felony of the first [] degree." Moreover, th[e c]ourt [noted] that [Faixmel] had fully "admitted to the underlying facts that included significant injury to this complainant." Thereafter, defense counsel fully conceded this indefensible argument and agreed that "on the written colloquy form, it says F1 conspiracy and robbery." This claim was never raised again.

Trial Court Opinion, 12/4/19, at 1-7 (internal citations and unnecessary capitalization omitted).

At the conclusion of the hearing, the court sentenced Faixmel to two consecutive terms of 8 to 20 years' incarceration on the two counts, along with various other conditions. Faixmel did not file a post-sentence motion;[5]

_____

[5] Faixmel correctly notes that "notwithstanding [his] request—on the record— that trial counsel file a motion to reconsider [Faixmel's] sentence, trial counsel

instead Faixmel filed a timely notice of appeal. Faixmel and the trial court have both complied with Pa.R.A.P. 1925.

On appeal, Faixmel presents the following issues for our review:

1. Was not [Faixmel's] guilty plea colloquy deficient, as the evidence of record was insufficient to establish a factual basis for the plea to the charge of conspiracy to commit robbery?

2. Did not the trial court err in denying [Faixmel]'s request, pursuant to Pa.R.Crim.P. [] 708(C) and 701, to plead guilty and be sentenced on his open matter before the judge already supervising his probation on other cases, inasmuch as the plain language of those [r]ules does not give the trial court the discretion to deny such a request?

Appellant's Brief, at 4.

We have previously explained that under Pennsylvania law,

by entering a plea of guilty, a defendant waives his right to challenge on direct appeal all non[-]jurisdictional defects except the legality of the sentence and the validity of the plea. In order to preserve an issue related to a guilty plea, an appellant must either object at the sentence colloquy or otherwise raise the issue at the sentencing hearing or through a post-sentence motion.

**Commonwealth v. Monjaras-Amaya**, 163 A.3d 466, 468-69 (Pa. Super. 2017) (internal citations, quotations marks, and brackets omitted).

---

did not file a post-sentence motion." Appellant's Brief, at 12; **see also** N.T. Sentencing Hearing, 2/22/19, at 54. Nevertheless, Faixmel also concedes that any issue relating to ineffective assistance of counsel arising from Attorney Rainey's representation, **see** Appellant's Brief, at 24 n.8, is properly the subject of a collateral appeal. **See Commonwealth v. Holmes**, 79 A.3d 562, 563 (Pa. 2013) ("[The] general rule of deferral to [] review [under the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546,] remains the pertinent law on the appropriate timing for review of claims of ineffective assistance of counsel[.]").

Here, Faixmel did not raise the issue of the validity of his guilty plea until his Rule 1925(b) statement. This was too late, and thus, results in waiver.[6] *See Monjaras-Amaya*, *supra* at 469 ("The purpose of this waiver

_____

[6] Faixmel argues that he raised the issue at his sentencing hearing, and therefore, it is preserved. *See* Appellant's Brief, at 8; *see also* N.T. Sentencing Hearing, 2/22/19, at 8-21 ("If you're not going to agree [that the issue of gradation is decided at sentencing], we withdraw the plea. . . . If I screwed up, then I screwed up. [Faixmel's] understanding was a[ third-degree felony] robbery and the conspiracy running along with that. That is what I told him."). Nevertheless, Faixmel's threat to withdraw his plea did not conclude with, or amount to, a specific objection, as is required. *See Monjaras-Amaya*, *supra*; *see also Commonwealth v. Lincoln*, 72 A.3d 606, 609-10 (Pa. Super. 2013) (citing Pa.R.Crim.P. 720(A)(1), (B)(1)(a)(i)) ("A defendant wishing to challenge the voluntariness of a guilty plea on direct appeal must either **object during the plea colloquy or file a motion to withdraw the plea within ten days of sentencing**. Failure to employ either measure results in waiver.") (emphasis added). Indeed, the standard for withdrawal of a guilty plea depends on the stage of the proceedings in which the defendant seeks withdrawal. *See Commonwealth v. Kpou*, 153 A.3d 1020, 1022-23 (Pa. Super. 2016) ("At any time before the imposition of sentence, the court may, in its discretion, permit, upon motion of the defendant, or direct *sua sponte*, the withdrawal of a plea of guilty [] and the substitution of a plea of not guilty. . . . [I]n determining whether to grant a pre-sentence motion for withdrawal . . . the test . . . is fairness and justice," whereas "[p]ost-sentence motions for withdrawal are subject to [manifest injustice, which is subject to an increased degree of] scrutiny since courts strive to discourage the entry of guilty pleas as sentencing-testing devices.") (internal brackets and quotation marks omitted).

Faixmel concedes that, pursuant to Pa.R.Crim.P. 590(C), "[t]here is no legal basis to argue gradation at a sentencing hearing other than in homicide matters." Appellant's Brief, at 9 n.4. Nevertheless, as already noted above, *see supra* n.5, Faixmel's ineffective assistance of counsel claims are not ripe for appellate review on direct appeal. *See Holmes*, *supra*.

Moreover, even if not waived, we would find meritless Faixmel's claim that his guilty plea was "involuntary and unknowing[,] as [Faixmel] did not understand the consequences of his plea." Appellant's Brief, at 24 n.8. Here, at the guilty

rule is to allow the trial court to correct its error at the first opportunity, and, in so doing, further judicial efficiency. It is for the court [that] accepted the plea to consider and correct, in the first instance, any error [that] may have been committed.") (citation and internal quotations marks omitted); *see also Commonwealth v. Watson*, 835 A.2d 786, 792 (Pa. Super. 2003) ("[A] party cannot rectify the failure to preserve an issue by proffering it in response

_____

plea hearing, the court clearly informed Faixmel of the maximum penalties he faced as a result of pleading guilty to the two first-degree felony charges. *See* N.T. Guilty Plea Hearing, 11/5/19, at 18 (The court: "Do you understand that by entering this plea of guilt to those two charges, the maximum potential sentence with just those two charges is 40 years of confinement and a $[5]0,000 fine?" Faixmel: "Yes."); *see also Commonwealth v. Yeomans*, 24 A.3d 1044, 1047 (Pa. Super. 2011) ("[A] defendant may not challenge his guilty plea by asserting that he lied while under oath, even if he avers that counsel induced the lies. A person who elects to plead guilty is bound by the statements he makes in open court while under oath and may not later assert grounds for withdrawing the plea which contradict the statements he made at his guilty plea colloquy.") (brackets omitted). We note that Faixmel's written guilty plea colloquy clearly indicates his intention to plead guilty to robbery and conspiracy as felonies of the first degree. *See* Written Guilty Plea Colloquy, 11/5/18, at 1, 2; *see also Commonwealth v. Flanagan*, 854 A.2d 489, 513 (Pa. 2004) ("In determining whether a guilty plea was entered knowingly and voluntarily, [] a court is free to consider the totality of the circumstances surrounding the plea. . . . A court may consider a wide array of relevant evidence under this standard including, but not limited to, transcripts from other proceedings, off-the-record communications with counsel, and written plea agreements.") (internal quotation marks omitted). Indeed, Faixmel concedes in his appellate brief that his plea was "a negotiated plea **with respect to the offenses and their gradations**." Appellant's Brief, at 11 n.9 (emphasis added). *See also Commonwealth v. Stork*, 737 A.2d 789, 790 (Pa. Super. 1999) ("[W]here the record clearly demonstrates that a guilty plea colloquy was conducted, during which it became evident that the defendant understood the nature of the charges against him, the voluntariness of the plea is established.") (internal quotation marks omitted).

- 8 -

to a Rule 1925(b) order."). Therefore, this issue is not preserved for our review.

Faixmel's second issue on appeal challenges Judge Coyle's refusal to allow him to plead guilty before her, and subsequently be sentenced by Judge Means, pursuant to Faixmel's own reading of Rules 708(C) and 701. **See** Appellant's Brief, at 25-32. This issue, too, is waived.

"[I]t is well established that absent a contemporaneous objection, the issue is not properly preserved on appeal." **Commonwealth v. Melendez-Rodriguez**, 856 A.2d 1278, 1287 (Pa. Super. 2004); **see also** Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal."). Pursuant to Pa.R.Crim.P. 720(B), "issues raised in a timely optional post-sentence motion, **provided those issues were properly preserved at the appropriate point in the proceedings**," may be considered on appeal. **Melendez-Rodriguez**, **supra** at 1189 (quoting **Commonwealth v. Kohan**, 825 A.2d 702, 705-06 (Pa. Super. 2003)) (emphasis added).

Here, Faixmel neither specifically objected at the time Judge Coyle denied his request, **see** N.T. Guilty Plea Hearing, 11/5/18, at 8-14, nor at the time of his sentencing hearing before her.[7] **See** N.T. Sentencing Hearing, 2/22/19, at 1-55. **See also Commonwealth v. Banks,** 198 A.3d 391, 400

---

[7] At the beginning of the sentencing hearing, Attorney Rainey acknowledged Judge Coyle's sentencing authority when she failed to object, and instead, stated, "Your Honor, good afternoon, Debra Rainey, Defender Association for Mr. Faixmel." N.T. Sentencing Hearing, 2/22/19, at 5; **see also Banks**, **infra**.

(Pa. Super. 2018) (defendant waived all challenges to authority of sentencing judge where, at time of hearing, defendant lodged no objection, responding simply: "Yeah, we can proceed. That's fine." and defendant's counsel waited until after sentence was imposed to object); *Commonwealth v. Rhoads*, 323 A.2d 249, 250 (Pa. Super. 1974) ("Where . . . there is no objection to the substitution of judges at sentencing, the issue is deemed to be waived for purposes of appellate review.").[8] Therefore, this issue, too, is not preserved for our review.

Judgment of sentence affirmed.

Judge Strassburger did not participate in the consideration or decision of this Memorandum.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/26/21

---

[8] We note that Attorney Rainey was able to lodge other timely objections at the sentencing hearing without issue. *See* N.T. Sentencing Hearing, 2/22/19, at 48 ("Judge, **I'm going to object** to th[e c]ourt's constant continuous referral to [Faixmel's] juvenile history.") (emphasis added); *id.* at 50 ("Note **my objection** for the record.") (emphasis added).

- 10 -