J-S31012-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :   IN THE SUPERIOR COURT OF
                                :        PENNSYLVANIA
                                :
            v.                  :
                                :
                                :
UNRAY SOUTHERLAND               :
                                :
            Appellant           :   No. 470 EDA 2023

Appeal from the Judgment of Sentence Entered June 28, 2022
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s):  CP-46-CR-0002201-2021

BEFORE:  OLSON, J., STABILE, J., and McLAUGHLIN, J.

MEMORANDUM BY OLSON, J.:                **FILED DECEMBER 15, 2023**

Appellant, Unray Southerland, appeals from the judgment of sentence entered on June 28, 2022 in the Criminal Division of the Court of Common Pleas of Montogomery County, as made final by the denial of Appellant's reinstated post-sentence motion on January 9, 2023.  We affirm.

The factual and procedural history in this matter is undisputed.  In its opinion pursuant to Pa.R.A.P. 1925(a), the trial court summarized the factual history in this case as follows.

> Between June 30, 2020 and October 8, 2020, [Appellant] engaged in vaginal intercourse and oral sex with his biological daughter, D.B. in Norristown, Pennsylvania when D.B. was under the age of 16 [years old] and entrusted to [Appellant's] care.  During this time, [Appellant] impregnated D.B.

Trial Court Opinion, 3/20/23, at 3.

Based upon the forgoing events, the Commonwealth, on January 14, 2022, filed a criminal information charging Appellant with the following offenses:  Count One, statutory sexual assault (18 Pa.C.S.A. § 3122.1(b)); Count Two, involuntary deviate sexual intercourse (IDSI) (18 Pa.C.S.A. § 3123(a)(7)); Count Three, incest of a minor (18 Pa.C.S.A. § 4302(b)(2)); Count Four, endangering the welfare of a Child (EWOC) (18 Pa.C.S.A. § 4304(a)(1)); and, Count Five, corruption of minors (18 Pa.C.S.A. § 6301(a)(1)(ii)).  Thereafter, on March 14, 2022, Appellant entered an open guilty plea to Counts Two through Four,[1] and Appellant proceeded to sentencing on June 28, 2022.  The following sentence was imposed:  Count Two (IDSI) – seven to 14 years' incarceration; Count Three (incest of a minor) – four to 8 years' incarceration; and Count Four (EWOC) one to two years' incarceration.   The trial court ordered Appellant to serve each punishment consecutively; hence, Appellant received an aggregate term of incarceration totaling 12 to 24 years.[2]  Pursuant to 42 Pa.C.S.A. § 9718.5(a), the court also imposed a mandatory, consecutive three-year probationary sentence at Count Two, Appellant's IDSI conviction, which commences at the conclusion of Appellant's term of incarceration.

---

[1] The Commonwealth agreed to *nolle pros* Counts One and Five.

[2] At sentencing, the trial court determined, by clear and convincing evidence, that Appellant met the criteria for designation as a sexually violent predator under the Sex Offender Registration and Notification Act (SORNA).  **See** 42 Pa.C.S.A. §§ 9791-9799.9.

On September 7, 2022, 71 days after the trial court imposed its sentence, Appellant filed a motion asking the court to reconsider his punishment *nunc pro tunc*. Within the motion to reconsider, Appellant's counsel averred that he mistakenly filed a reconsideration motion at a trial court docket number corresponding to another case that involved charges filed against Appellant. On September 8, 2022, the court granted Appellant's motion and allowed him 10 days in which to seek reconsideration of the June 28, 2022 sentence. Appellant formally asked the trial court to impose a reduced sentence of 10 to 20 years' incarceration in a motion filed on September 13, 2022. Appellant's request for a reduced sentence mirrored the Commonwealth's recommendation at Appellant's original sentencing hearing. The trial court denied Appellant's motion to reconsider on January 9, 2023. Appellant filed a notice of appeal on February 3, 2023.[3]

Appellant's brief raises the following question for our review.

> Did the [trial] court err in accepting [Appellant's] guilty plea since the plea was not knowing[ly] and voluntarily entered because [Appellant's] oral guilty plea colloquy failed to explain that [Appellant] had a right to a jury trial, failed to explain that a jury's verdict would need to be unanimous, and failed to explain [Appellant's] right to confront and cross-examine witnesses at trial?

Appellant's Brief at 3.

---

[3] Since the original notice of appeal misspelled Appellant's first name, an amended notice of appeal was filed on February 7, 2023. Both Appellant and the trial court have complied with Pa.R.A.P. 1925.

Before we address the merits of Appellant's claim, we consider whether we possess appellate jurisdiction in this case. We may raise jurisdictional matters *sua sponte*, as they implicate our authority to entertain an appeal. **See Commonwealth v. Patterson**, 940 A.2d 493, 497 (Pa. Super. 2007), *appeal denied*, 960 A.2d 838 (Pa. 2008). As a general rule, appellate jurisdiction attaches only when a timely appeal has been filed; this Court has no jurisdiction over untimely appeals. **Id.** "[T]he time limitations for taking appeals are strictly construed and cannot be extended as a matter of grace." **Commonwealth v. Valentine**, 928 A.2d 346, 349 (Pa. Super. 2007). The failure to file a timely notice of appeal defeats jurisdiction and compels quashal. **Commonwealth v. Williams**, 106 A.3d 583, 587 (Pa. 2014).

A notice of appeal must be filed within 30 days of the entry of the order from which an appeal is taken. **See** Pa.R.A.P. 903(a). A direct appeal in a criminal proceeding lies from the judgment of sentence. **Patterson**, 940 A.2d at 497, *quoting* **Commonwealth v. Preacher**, 827 A.2d 1235, 1236 n.1 (Pa. Super. 2003). If a defendant files a timely post-sentence motion, the notice of appeal shall be filed within 30 days of the entry of the order deciding the motion. Pa.R.Crim.P. 720(A)(2)(a). A timely post-sentence motion must be filed no later than 10 days after imposition of sentence. **See** Pa.R.Crim.P. 720(A)(1). "If a defendant files a timely post-sentence motion, the appeal period does not begin to run until the motion is decided." **Commonwealth v. Capaldi**, 112 A.3d 1242, 1244 (Pa. Super. 2015). If, however, the

defendant does not file a timely post-sentence motion, the notice of appeal must be filed within 30 days of imposition of sentence. ***See*** Pa.R.Crim.P. 720(A)(3); ***Commonwealth v. Dreves***, 839 A.2d 1122, 1127 (Pa. Super. 2003) (*en banc*).

"[A] post-sentence motion *nunc pro tunc* may toll the appeal period, but only if two conditions are met." ***Capaldi***, 112 A.3d at 1244, *citing* ***Dreves***, 839 A.2d at 1128.

> First, within 30 days of imposition of sentence, a defendant must request the trial court to consider a post-sentence motion *nunc pro tunc.* The request for *nunc pro tunc* relief is separate and distinct from the merits of the underlying post-sentence motion. Second, the trial court must expressly permit the filing of a post-sentence motion *nunc pro tunc*, also within 30 days of imposition of sentence. If the trial court does not expressly grant *nunc pro tunc* relief, the time for filing an appeal is neither tolled nor extended. Moreover, [t]he trial court's resolution of the merits of the late post-sentence motion is no substitute for an order expressly granting *nunc pro tunc* relief.

***Capaldi***, 112 A.3d at 1244 (internal citations and quotation marks omitted).

Here, the trial court imposed its sentence on June 18, 2013.[4] Therefore, Appellant's post-sentence motion was due on or before July 8, 2022. Since

---

[4] At the conclusion of the proceedings, the court instructed Appellant regarding his rights and the time limitations for filing post-sentence motions and a direct appeal. Because the court advised Appellant of his post-sentence and direct appeal rights, the record does not offer grounds for finding that a breakdown in the judicial process excused the untimely filing of Appellant's post-sentence motion. ***See Patterson***, 940 A.2d at 498 (recognizing that administrative breakdowns occur where trial court, at time of sentencing, either fails to advise appellant of post-sentence and appellate rights or misadvises him and that such breakdowns excuse subsequent untimely filings).

Appellant did not file his post-sentence motion on or before July 8, 2022, his notice of appeal was due within 30 days of sentencing, or on or before July 18, 2022. **See Dreves**, **supra.** Appellant's notice of appeal filed on February 3, 2023 was manifestly out of time.

Moreover, Appellant's motion to reinstate his post-sentence rights *nunc pro tunc* also fails to satisfy the prerequisites for relief. **See Capaldi**, **supra.** The trial court did not expressly permit a *nunc pro tunc* filing within 30 days of the original imposition of sentence. Since the court never made such a declaration, the time for filing an appeal was neither tolled nor extended. In addition, the court's resolution of the merits of Appellant's untimely post-sentence motion is no substitute for an order expressly granting *nunc pro tunc* relief. **See Capaldi**, 112 A.3d at 1245 (stating: "With respect to the necessity of a timely order expressly granting reconsideration, the establishment of a briefing schedule, hearing date, or issuance of a rule to show cause does not suffice[.]"); **Dreves**, **supra** at 1128-1129 (if trial court does not expressly grant *nunc pro tunc* relief, time for filing appeal is neither tolled nor extended; court's resolution of merits of untimely post-sentence motion is no substitute for order expressly granting nunc pro tunc relief). Under the circumstances, Appellant's untimely filings did not toll the appeal period; hence, we cannot conclude that Appellant's request for *nunc pro tunc* relief validly invoked our jurisdiction over the instant appeal.

The forgoing assessment does not end our inquiry, however, as we must consider whether to construe Appellant's September 7, 2022 filing as a petition for collateral relief pursuant to the Post-Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. Our prior decisions confirm that "the PCRA is intended to be the sole means of achieving post-conviction [collateral] relief." *Commonwealth v. Taylor*, 65 A.3d 462, 465 (Pa. Super. 2013). "[R]egardless of how a petition is titled, courts [must] treat a petition filed after a judgment of sentence becomes final as a PCRA petition if it requests relief contemplated by the PCRA." *Commonwealth v. Wrecks*, 934 A.2d 1287, 1289 (Pa. Super. 2007); *see also Commonwealth v. Torres*, 223 A.3d 715, 716 (Pa. Super. 2019) (stating, "so long as a pleading falls within the ambit of the PCRA, the court should treat any pleading filed after the judgment of sentence is final as a PCRA petition") (citation omitted); *Commonwealth v. Hromek*, 232 A.3d 881, 884 (Pa. Super. 2020) (same).

The trial court imposed its sentence on June 28, 2022. Since Appellant filed neither a timely post-sentence motion nor a notice of appeal, his judgment of sentence became final on July 28, 2022, after 30 days. *See* 42 Pa.C.S.A. § 9545(b)(3) ("For purposes of this subchapter, a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review."); Pa.R.A.P.

903(a) (notice of appeal must be filed within 30 days or entry of order from which appeal is taken).

As we stated above, Appellant asked the court to reconsider his punishment *nunc pro tunc* on September 7, 2022, 71 days after his sentence was imposed. The motion explained that trial counsel mistakenly filed a reconsideration motion at a trial court docket number corresponding to another case that involved charges filed against Appellant. The court granted Appellant's motion on September 8, 2022, and allowed him 10 days in which to seek reconsideration of the June 28, 2022 sentence. Appellant then requested a reduced sentence of 10 to 20 years' incarceration in a motion filed on September 13, 2022. The trial court denied Appellant's reconsideration motion on January 9, 2023 and Appellant appealed on February 3, 2023.

We conclude that Appellant's September 7, 2022 submission met all the requirements of a timely petition for collateral relief under the PCRA. First, Appellant's judgment of sentence was final when the September 2022 filing was made. Second, the September 2022 filing asked for reinstatement of Appellant's post-sentence rights due to an error by counsel, a claim contemplated by the PCRA. **See** 42 42 Pa.C.S.A. § 9543(a)(2)(ii) (recognizing that a petitioner, who pleads and proves the ineffectiveness of counsel, may be eligible for relief). Lastly, the September 2022 filing was lodged within one year of the date that Appellant's judgment became final. **See** 42 Pa.C.S.A. § 9545(b)(1) (PCRA petition must be filed within one year of date judgment

becomes final unless exceptions are proven). We may therefore treat Appellant's September 2022 submission as a petition for collateral relief. Moreover, when the court reinstated Appellant's right to seek reconsideration, it reinstituted Appellant's criminal proceedings in the context of post-sentence motions practice. *See Commonwealth v. Koehler*, 229 A.3d 915, 931 (Pa. 2020) (if a petition for collateral relief vests the PCRA court with jurisdiction, the court may reinstate the petitioner's direct appeal rights). Thus, Appellant's subsequent timely appeal from the denial of relief properly vested appellate jurisdiction in this Court.

Appellant argues that his guilty plea was invalid, and the trial court erred in accepting it, because his oral colloquy "failed to explain that [Appellant] had a right to a jury trial, failed to explain that a jury's verdict needed to be unanimous, and failed to explain the right to confront and cross-examine witnesses at trial." *See* Appellant's Brief at 8 and 14. This claim is both waived and meritless.

Pennsylvania law makes clear that a defendant who enters a guilty plea waives his right to challenge all non-jurisdictional defects (except the legality of the sentence and the validity of the plea) on direct appeal. *Commonwealth v. Pantalion*, 957 A.2d 1267, 1271 (Pa. Super. 2008). To preserve a challenge to a guilty plea, an appellant must either "object[ ] at the sentence colloquy or otherwise raise[ ] the issue at the sentencing hearing or through a post-sentence motion." *Commonwealth v. D'Collanfield*, 805

A.2d 1244, 1246 (Pa. Super. 2002); *see* Pa.R.Crim.P. 720 misc. cmt. ("Properly preserved issues related to guilty pleas **need not be raised again** in the post-sentence motion, but the defendant may choose to do so. A key consideration for the defendant is whether the record will be adequate for appellate review. If counsel is uncertain about the record, it is recommended that the guilty plea be challenged in the post-sentence motion.") (emphasis added); *see also* Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal."); *see also Commonwealth v. Lincoln*, 72 A.3d 606, 609-610 (Pa. Super. 2013) ("A defendant wishing to challenge the voluntariness of a guilty plea on direct appeal must either object during the plea colloquy or file a motion to withdraw the plea within [10] days of sentencing. Failure to employ either measure results in waiver.") (citations omitted). Moreover, "[a] party cannot rectify the failure to preserve an issue by proffering it in response to a Rule 1925(b) order." *Commonwealth v. Kohan*, 825 A.2d 702, 706 (Pa. Super. 2003) (emphasis added) (citations omitted). The promotion of judicial efficiency and the preference for allowing the trial court to correct errors at the first opportunity underlie this waiver rule. *See Commonwealth v. Roberts*, 352 A.2d 140, 141 (Pa. Super. 1975) (guilty plea challenge on direct appeal without prior petition to withdraw constitutes waiver).

Here, Appellant never raised a contemporaneous objection during his plea colloquy, never challenged the validity of his plea at sentencing, and

never filed a post-sentence motion alleging that his plea was invalid. Instead, Appellant filed his notice of appeal and only first raised his present claim in his Rule 1925(b) statement, at which point the trial court lacked jurisdiction to grant relief. *See* Pa.R.A.P. 1701 ("Except as otherwise prescribed by these rules, after an appeal is taken or review of a quasijudicial order is sought, the trial court or other government unit may no longer proceed further in the matter."). Because Appellant never challenged his guilty plea in the trial court before raising it in his Rule 1925(b) statement, his current claim is waived.

Even if Appellant preserved his present claim, it lacks merit because Appellant did not show how his plea was involuntary and unknowing. Appellant did not seek to withdraw his guilty plea prior to the imposition of sentence. Hence, we apply the standard of review governing post-sentence motions to withdraw a plea. In *Commonwealth v. Broaden*, 980 A.3d 124 (Pa. Super. 2009), we summarized those principles as follows:

> [P]ost-sentence motions for withdrawal are subject to higher scrutiny since courts strive to discourage entry of guilty pleas as sentence-testing devices. A defendant must demonstrate that manifest injustice would result if the court were to deny his post-sentence motion to withdraw a guilty plea. Manifest injustice may be established if the plea was not tendered knowingly, intelligently, and voluntarily. In determining whether a plea is valid, the court must examine the totality of circumstances surrounding the plea. A deficient plea does not *per se* establish prejudice on the order of manifest injustice.

*Id.* at 129 (citations omitted).

Whether to permit a defendant to withdraw a guilty plea is a decision committed to the sound discretion of the trial court. *See Commonwealth v.*

- 11 -

***Hart***, 174 A.3d 660, 664 (Pa. Super. 2017) (applying abuse of discretion

standard to withdrawal of plea after a sentence has been imposed).  Judicial

discretion:

> imports the exercise of judgment, wisdom and skill so as to reach
> a dispassionate conclusion, and discretionary power can only exist
> within the framework of the law, and is not exercised for the
> purpose of giving effect to the will of the judges.  Discretion must
> be exercised on the foundation of reason, as opposed to prejudice,
> personal motivations, caprice or arbitrary action.  Discretion is
> abused when the course pursued represents not merely an error
> of judgment, but where the judgment is manifestly unreasonable
> or where the law is not applied or where the record shows that
> the action is a result of partiality, prejudice, bias or ill will.

***Commonwealth v. Shaffer***, 712 A.2d 749, 751 (Pa. 1998) (citation

omitted).

Our prior cases guide our use of the criminal rules of procedure in

assessing the validity of a plea colloquy.

> A valid guilty plea must be knowingly, voluntarily and intelligently
> entered. ***Commonwealth v. Pollard***, 832 A.2d 517, 522 (Pa.
> Super.2003).  The Pennsylvania Rules of Criminal Procedure
> mandate that pleas be taken in open court, and require the court
> to conduct an on-the-record colloquy to ascertain whether a
> defendant is aware of his rights and the consequences of his plea.
> ***Commonwealth v. Hodges***, 789 A.2d 764 (Pa. Super. 2002),
> *citing* Pa.R.Crim.P. 590.  Specifically, the court must affirmatively
> demonstrate the defendant understands:  (1) the nature of the
> charges to which he is pleading guilty; (2) the factual basis for the
> plea; (3) his right to trial by jury; (4) the presumption of
> innocence; (5) the permissible ranges of sentences and fines
> possible; and (6) that the court is not bound by the terms of the
> agreement unless the court accepts the agreement.
> ***Commonwealth v. G. Watson***, 835 A.2d 786 (Pa. Super. 2003).
> This Court will evaluate the adequacy of the plea colloquy and the
> voluntariness of the resulting plea by examining the totality of the
> circumstances surrounding the entry of that plea.

> *Commonwealth v. Muhammad*, 794 A.2d 378, 383-384 (Pa. Super. 2002).

*Commonwealth v. Kelley*, 136 A.3d 1007, 1013 (Pa. Super. 2016) (citation omitted).

Here, the trial court determined that the on-the-record colloquy complied with the requirements of Rule 590 and that the totality of the circumstances (including a supplemental written colloquy read and signed by Appellant) reflected that Appellant's plea was knowing, intelligent, and voluntary. *See* Trial Court Opinion, 3/20/23, at 5-6. We agree with these determinations. Focusing upon the specific claims raised by Appellant, our review of the record confirms that the written and oral colloquies placed on the record at Appellant's plea hearing advised Appellant of his right to a jury trial, as well as his right to a unanimous verdict by the deliberating jurors. Although Appellant complains that he was never informed of his right to confront the witnesses against him, he offers no citation to case law or reference within Rule 590 that imposes such a requirement.[5] In light of the totality of the circumstances, we conclude that the trial court did not abuse its

---

[5] Appellant also claims that we may not rely upon a supplemental written colloquy in assessing the validity of a guilty plea if the oral colloquy is deficient. Appellant cites *Commonwealth v. Clyburn*, 42 A.3d 296 (Pa. 2012) to support this contention. This argument is unavailing. *Clyburn* dealt with the validity of a waiver of the right to counsel, not the validity of a guilty plea. For this reason, this Court has rejected the application of *Clyburn* in the present circumstances. *See Commonwealth v. Mastin*, 2023 WL 2506714, at *3 (Pa. Super. March 15, 2023).

discretion in concluding that Appellant's guilty plea was valid and in denying Appellant's reinstated post-sentence motion to withdraw his guilty plea. Accordingly, we affirm Appellant's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 12/15/2023