J-S38024-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| CODY MOSER | : | |
| | : | |
| Appellant | : | No. 1014 EDA 2025 |

Appeal from the Judgment of Sentence Entered December 13, 2024
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s): CP-46-CR-0003331-2023

BEFORE: McLAUGHLIN, J., KING, J., and BENDER, P.J.E.

MEMORANDUM BY KING, J.: **FILED NOVEMBER 10, 2025**

Appellant, Cody Moser, appeals from the judgment of sentence entered in the Montgomery County Court of Common Pleas, following his open guilty plea to terroristic threats and stalking.[1]  We affirm.

The relevant facts and procedural history of this matter are as follows. On November 15, 2023, the Commonwealth filed a criminal information charging Appellant with two counts of harassment and one count each of terroristic threats and stalking, based upon Appellant's repeated and unwanted emails and text messages sent to his ex-girlfriend, in which Appellant referenced harm that could come to either him or to her.  On October 10, 2024, Appellant entered an open guilty plea to terroristic threats and stalking.  On December 13, 2024, the court sentenced Appellant to an

_____

[1] 18 Pa.C.S.A. §§ 2706 and 2709.1, respectively.

aggregate term of 9 to 23 months' imprisonment and a consecutive term of 5 years' probation. Notably, Appellant did not request to withdraw his guilty plea either before or after sentencing. On December 23, 2024, Appellant timely filed a post-sentence motion, in which he requested reconsideration of his sentence. Appellant argued that mitigating factors existed which would justify a downward deviation from his current sentence. On March 17, 2025, the court denied Appellant's motion.

On April 10, 2025, Appellant timely filed a notice of appeal. On April 17, 2025, the court ordered Appellant to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal within 21 days of the date of the order. On May 14, 2025, Appellant filed his Rule 1925(b) statement, asserting for the first time that the court had erred in accepting Appellant's guilty plea because it was unknowing and involuntary.

On appeal, Appellant raises the following issue for review:

> Did the [trial] court err in accepting [Appellant's] guilty plea since the plea was not knowing and voluntarily entered because [Appellant's] oral guilty plea colloquy failed to explain that a jury would be composed [of Appellant's] peers, that [Appellant] would have the right to participate in jury selection, and that the jury's verdict would need to be unanimous?

(Appellant's Brief at 3).

Appellant argues that the court erred in accepting his guilty plea because his guilty plea colloquy was defective. According to Appellant, the colloquy failed to explain that Appellant had the right to be tried by a jury of his peers, the right to participate in jury selection, and that the jury's verdict would need

to be unanimous. Appellant claims his plea was unknowing and involuntary where he was not informed of these rights. Appellant concludes that he is entitled to relief on these grounds, and this Court must vacate his judgment of sentence and permit him to withdraw his guilty plea.[2] We disagree.

As a preliminary matter, it is well settled that generally only issues properly raised in a timely Rule 1925(b) statement are preserved for appellate review. **See Castillo, supra**. **See also** Pa.R.A.P. 1925(b)(4)(vii) (stating that "[i]ssues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived"). However, "[i]f there has been an untimely filing, this Court may decide the appeal on the merits if the trial court had adequate opportunity to prepare an opinion addressing the issues being raised on appeal." **Commonwealth v. Burton**, 973 A.2d 428, 433 (Pa.Super. 2009).

Instantly, Appellant did not file his Rule 1925(b) statement until May 8, 2025, which was beyond the 21-day deadline provided in the court's Rule 1925(b) order. Nevertheless, because the trial court addressed the issues raised in Appellant's Rule 1925(b) statement on the merits in the court's Rule 1925(a) opinion, we decline to find waiver for this reason. **See id.**

As a second preliminary matter, we observe:

_____

[2] Appellant also asserts that the colloquy failed to explain his right to confront witnesses, including the right to cross-examine Commonwealth witnesses. Nevertheless, Appellant failed to preserve this issue in his Rule 1925(b) statement, so it is waived on appeal. **See Commonwealth v. Castillo**, 585 Pa. 395, 403, 888 A.2d 775, 780 (2005).

- 3 -

> "Issues not raised in the [trial] court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a); *see also Commonwealth v. D'Collanfield*, 805 A.2d 1244, 1246 (Pa.Super. 2002) (finding that the appellant's issue challenging his guilty plea was waived since it was not raised at the sentence colloquy, at the sentencing hearing, or through a post-sentence motion). Moreover, "[a] party cannot rectify the failure to preserve an issue by proffering it in response to a Rule 1925(b) order." *Commonwealth v. Kohan*, 825 A.2d 702, 706 (Pa.Super. 2003) (citations omitted).

*Commonwealth v. Watson*, 835 A.2d 786, 791 (Pa.Super. 2003). *See also* Pa.R.Crim.P. 720(B)(1)(a)(i) (governing post-sentence motion to withdraw guilty plea).

Here, our review of the record reveals that Appellant did not challenge the entry of his guilty plea at the plea hearing or on the day of sentencing, either before or after the imposition of sentence. Further, in his post-sentence motion, Appellant challenged only the discretionary aspects of his sentence. Appellant did not raise his claim on appeal seeking to withdraw his guilty plea until the belated filing of his Rule 1925(b) statement. Therefore, Appellant has waived his sole issue due to his failure to properly preserve it in the trial court. *See id.*; *Watson, supra*.

Moreover, even if properly preserved, Appellant's issue would not merit relief. "[A] defendant who attempts to withdraw a guilty plea after sentencing must demonstrate prejudice on the order of manifest injustice before withdrawal is justified." *Commonwealth v. Pantalion*, 957 A.2d 1267, 1271 (Pa.Super. 2008). "A plea rises to the level of manifest injustice when it was entered into involuntarily, unknowingly, or unintelligently." *Id.* (quoting

***Commonwealth v. Muhammad***, 794 A.2d 378, 383 (Pa.Super. 2002)).

Our Rules of Criminal Procedure mandate that pleas are taken in open court and the court must conduct an on-the-record colloquy to ascertain whether a defendant is aware of his rights and the consequences of his plea. ***Commonwealth v. Hodges***, 789 A.2d 764 (Pa.Super. 2002). Specifically, the court must affirmatively demonstrate a defendant understands: (1) the nature of the charges to which he is pleading guilty; (2) the factual basis for the plea; (3) his right to trial by jury; (4) the presumption of innocence; (5) the permissible ranges of sentences and fines possible; and (6) that the judge is not bound by the terms of any plea agreement unless the judge accepts the agreement. ***See Watson, supra*** at 796-97. ***See also*** Pa.R.Crim.P. 590, *Comment*.

This Court will evaluate the adequacy of the plea colloquy and the voluntariness of the resulting plea by examining the totality of the circumstances surrounding the entry of that plea. ***Muhammad, supra***. A guilty plea will be deemed valid if an examination of the totality of the circumstances surrounding the plea shows that the defendant had a full understanding of the nature and consequences of his plea such that he knowingly and intelligently entered the plea of his own accord. ***Commonwealth v. Rush***, 909 A.2d 805 (Pa.Super. 2006).

Pennsylvania law presumes a defendant who entered a guilty plea was aware of what he was doing and bears the burden of proving otherwise. ***Commonwealth v. Pollard***, 832 A.2d 517 (Pa.Super. 2003). A defendant

who decides to plead guilty is bound by the statements he makes while under oath, "and he may not later assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy." *Id.* at 523. "Our law does not require that a defendant be totally pleased with the outcome of his decision to plead guilty, only that his decision be voluntary, knowing and intelligent." *Id.* at 524.

Here, the trial court observed:

> In this case, [Appellant] entered a knowing, intelligent and voluntary plea of guilty on October 10, 2024. [Appellant] understood the rights he was giving up by entering his plea of guilty. The totality of the circumstances indicate that he understood that a jury would be comprised of his peers, that he has the right to participate in jury selection and that the jury's verdict would need to be unanimous.
>
> [Appellant] completed a written colloquy in connection with his guilty plea, which the court reviewed and admitted into evidence. [Appellant] initialed each page and signed the last page of the written colloquy with his attorney. [Appellant] stated that he answered each question truthfully. He stated that his answers would be the same under oath. He affirmed that no one forced, threatened or coerced him into entering an open plea of guilty.
>
> [Appellant] acknowledged in the written guilty plea colloquy that he had sufficient time to talk with his attorney and that his attorney told him what the words in the colloquy mean. [Appellant] affirmed that no one forced him or coerced him to enter into this plea, and that he was pleading guilty on his own free will.
>
> [Appellant] indicated in the written colloquy that he understood that by pleading guilty he was giving up his right to a jury trial, which includes the right to take part in jury selection, that the jury is chosen from the voters registration list and licensed drivers of Montgomery County, that the

jury's verdict would have to be unanimous, and that the jury must agree on his guilt beyond a reasonable doubt before he can be convicted. [Appellant] understood that it is the Commonwealth's burden to prove his guilt beyond a reasonable doubt. [Appellant] understood that he does not have to prove his innocence, he is presumed innocent, and he has the right to remain silent at trial.

[Appellant] participated in an oral colloquy under oath. Trial counsel and the court conducted an oral colloquy of [Appellant] to establish that he understood the trial rights he was relinquishing by entering a plea of guilty. [Appellant] stated that if he were asked the questions contained in the written colloquy under oath on the record the answers would remain the same and would be truthful. [Appellant] affirmed that he understood that in this case he has a right to a jury trial. He affirmed that he understood at trial he would be presumed innocent until proven guilty, that the Commonwealth has the burden of proving his guilt beyond a reasonable doubt, and that he would have the absolute right to remain silent and neither a judge nor a jury could hold that against him. [Appellant] affirmed that he was satisfied with his attorney's representation. [Appellant] testified that, knowing all of the rights to a jury trial that he is giving up by entering into a guilty plea, it was still his intent to move forward with the plea. [Appellant] affirmed that the decision to enter into a guilty plea is a decision he made of his own free will. [Appellant] understood the nature of the charges to which he was pleading guilty, the elements of each charge and what the Commonwealth would have to prove. [Appellant] understood there was no agreement as to his sentence and that the court would decide his sentence.

During the oral colloquy of [Appellant], trial counsel asked him the following questions related to his understanding of his right to a jury trial:

Q. Do you understand in this case you would have right to a jury trial?

A. Yes, sir.

Q. And at that trial, you would be presumed innocent

until found guilty?

A. Yes.

Q. And it would be the Commonwealth of Pennsylvania's burden of proving your guilt beyond a reasonable doubt?

A. Yes.

Q. And you would have the absolute right to remain silent, and neither a judge nor a jury could hold that against you?

A. Yes.

(N.T. Guilty Plea [10/10/24], at 6-7).

The on-the-record colloquy did not explicitly address that the jury would be composed of [Appellant's] peers, that [Appellant] would have the right to participate in jury selection and that the jury's verdict had to be unanimous. However, the written colloquy specifically addressed those rights, and [Appellant] indicated that he understood those rights and that he was relinquishing them.

Based on the totality of the circumstances, [Appellant] had a full understanding of the nature and consequences of his plea. [Appellant] understood that by pleading guilty he was giving up his right to a jury trial. [Appellant] understood the essential rights of a jury trial. [Appellant] was aware of his rights and the rights he was giving up by proceeding with a guilty plea. The written colloquy addressed the points not addressed in the oral colloquy. [Appellant] asserted on the record that the answers he gave on the written colloquy were true and correct. [Appellant] asserted on the record that his answers in the written colloquy would be the same under oath. The written guilty plea colloquy explicitly addressed the rights associated with a jury trial. The fact that [Appellant's] oral colloquy did not explicitly address that jury would be composed of [Appellant's] peers, that [Appellant] would have the right to participate in jury selection and that the jury's verdict had to be unanimous does not invalidate his knowing, intelligent and voluntary

- 8 -

guilty plea.

(Trial Court Opinion, 10/4/25, at 4-8) (some citations omitted).

The record supports the trial court's analysis. (*See* N.T. Guilty Plea, 10/10/24, at 5-14; Written Guilty Plea Colloquy, 10/10/24, at 1-10). Under the totality of the circumstances, the record confirms that Appellant's guilty plea was knowing, voluntary, and intelligent. *See Rush, supra*; *Muhammad, supra*. *See also Commonwealth v. Bedell*, 954 A.2d 1209 (Pa.Super. 2008), *appeal denied*, 600 Pa. 742, 964 A.2d 893 (2009) (explaining that written guilty plea colloquy can supplement oral colloquy in demonstrating voluntariness of plea). Therefore, even if Appellant had preserved his appellate issue, it would merit no relief in any event. Accordingly, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 11/10/2025

J-S38024-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CODY MOSER | : | |
| | : | |
| Appellant | : | No. 1014 EDA 2025 |

Appeal from the Judgment of Sentence Entered December 13, 2024
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s):  CP-46-CR-0003331-2023

BEFORE:  McLAUGHLIN, J., KING, J., and BENDER, P.J.E.

MEMORANDUM BY KING, J.:                    **FILED NOVEMBER 10, 2025**

Appellant, Cody Moser, appeals from the judgment of sentence entered in the Montgomery County Court of Common Pleas, following his open guilty plea to terroristic threats and stalking.[1]  We affirm.

The relevant facts and procedural history of this matter are as follows. On November 15, 2023, the Commonwealth filed a criminal information charging Appellant with two counts of harassment and one count each of terroristic threats and stalking, based upon Appellant's repeated and unwanted emails and text messages sent to his ex-girlfriend, in which Appellant referenced harm that could come to either him or to her.  On October 10, 2024, Appellant entered an open guilty plea to terroristic threats and stalking.  On December 13, 2024, the court sentenced Appellant to an

_____

[1] 18 Pa.C.S.A. §§ 2706 and 2709.1, respectively.

aggregate term of 9 to 23 months' imprisonment and a consecutive term of 5 years' probation. Notably, Appellant did not request to withdraw his guilty plea either before or after sentencing. On December 23, 2024, Appellant timely filed a post-sentence motion, in which he requested reconsideration of his sentence. Appellant argued that mitigating factors existed which would justify a downward deviation from his current sentence. On March 17, 2025, the court denied Appellant's motion.

On April 10, 2025, Appellant timely filed a notice of appeal. On April 17, 2025, the court ordered Appellant to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal within 21 days of the date of the order. On May 14, 2025, Appellant filed his Rule 1925(b) statement, asserting for the first time that the court had erred in accepting Appellant's guilty plea because it was unknowing and involuntary.

On appeal, Appellant raises the following issue for review:

> Did the [trial] court err in accepting [Appellant's] guilty plea since the plea was not knowing and voluntarily entered because [Appellant's] oral guilty plea colloquy failed to explain that a jury would be composed [of Appellant's] peers, that [Appellant] would have the right to participate in jury selection, and that the jury's verdict would need to be unanimous?

(Appellant's Brief at 3).

Appellant argues that the court erred in accepting his guilty plea because his guilty plea colloquy was defective. According to Appellant, the colloquy failed to explain that Appellant had the right to be tried by a jury of his peers, the right to participate in jury selection, and that the jury's verdict would need

- 2 -

to be unanimous. Appellant claims his plea was unknowing and involuntary where he was not informed of these rights. Appellant concludes that he is entitled to relief on these grounds, and this Court must vacate his judgment of sentence and permit him to withdraw his guilty plea.[2] We disagree.

As a preliminary matter, it is well settled that generally only issues properly raised in a timely Rule 1925(b) statement are preserved for appellate review. *See Castillo, supra*. *See also* Pa.R.A.P. 1925(b)(4)(vii) (stating that "[i]ssues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived"). However, "[i]f there has been an untimely filing, this Court may decide the appeal on the merits if the trial court had adequate opportunity to prepare an opinion addressing the issues being raised on appeal." *Commonwealth v. Burton*, 973 A.2d 428, 433 (Pa.Super. 2009).

Instantly, Appellant did not file his Rule 1925(b) statement until May 8, 2025, which was beyond the 21-day deadline provided in the court's Rule 1925(b) order. Nevertheless, because the trial court addressed the issues raised in Appellant's Rule 1925(b) statement on the merits in the court's Rule 1925(a) opinion, we decline to find waiver for this reason. *See id.*

As a second preliminary matter, we observe:

_____

[2] Appellant also asserts that the colloquy failed to explain his right to confront witnesses, including the right to cross-examine Commonwealth witnesses. Nevertheless, Appellant failed to preserve this issue in his Rule 1925(b) statement, so it is waived on appeal. *See Commonwealth v. Castillo*, 585 Pa. 395, 403, 888 A.2d 775, 780 (2005).

- 3 -

> "Issues not raised in the [trial] court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a); *see also Commonwealth v. D'Collanfield*, 805 A.2d 1244, 1246 (Pa.Super. 2002) (finding that the appellant's issue challenging his guilty plea was waived since it was not raised at the sentence colloquy, at the sentencing hearing, or through a post-sentence motion). Moreover, "[a] party cannot rectify the failure to preserve an issue by proffering it in response to a Rule 1925(b) order." *Commonwealth v. Kohan*, 825 A.2d 702, 706 (Pa.Super. 2003) (citations omitted).

*Commonwealth v. Watson*, 835 A.2d 786, 791 (Pa.Super. 2003). *See also* Pa.R.Crim.P. 720(B)(1)(a)(i) (governing post-sentence motion to withdraw guilty plea).

Here, our review of the record reveals that Appellant did not challenge the entry of his guilty plea at the plea hearing or on the day of sentencing, either before or after the imposition of sentence. Further, in his post-sentence motion, Appellant challenged only the discretionary aspects of his sentence. Appellant did not raise his claim on appeal seeking to withdraw his guilty plea until the belated filing of his Rule 1925(b) statement. Therefore, Appellant has waived his sole issue due to his failure to properly preserve it in the trial court. *See id.*; *Watson, supra*.

Moreover, even if properly preserved, Appellant's issue would not merit relief. "[A] defendant who attempts to withdraw a guilty plea after sentencing must demonstrate prejudice on the order of manifest injustice before withdrawal is justified." *Commonwealth v. Pantalion*, 957 A.2d 1267, 1271 (Pa.Super. 2008). "A plea rises to the level of manifest injustice when it was entered into involuntarily, unknowingly, or unintelligently." *Id.* (quoting

*Commonwealth v. Muhammad*, 794 A.2d 378, 383 (Pa.Super. 2002)).

Our Rules of Criminal Procedure mandate that pleas are taken in open court and the court must conduct an on-the-record colloquy to ascertain whether a defendant is aware of his rights and the consequences of his plea. *Commonwealth v. Hodges*, 789 A.2d 764 (Pa.Super. 2002). Specifically, the court must affirmatively demonstrate a defendant understands: (1) the nature of the charges to which he is pleading guilty; (2) the factual basis for the plea; (3) his right to trial by jury; (4) the presumption of innocence; (5) the permissible ranges of sentences and fines possible; and (6) that the judge is not bound by the terms of any plea agreement unless the judge accepts the agreement. *See Watson, supra* at 796-97. *See also* Pa.R.Crim.P. 590, *Comment*.

This Court will evaluate the adequacy of the plea colloquy and the voluntariness of the resulting plea by examining the totality of the circumstances surrounding the entry of that plea. *Muhammad, supra*. A guilty plea will be deemed valid if an examination of the totality of the circumstances surrounding the plea shows that the defendant had a full understanding of the nature and consequences of his plea such that he knowingly and intelligently entered the plea of his own accord. *Commonwealth v. Rush*, 909 A.2d 805 (Pa.Super. 2006).

Pennsylvania law presumes a defendant who entered a guilty plea was aware of what he was doing and bears the burden of proving otherwise. *Commonwealth v. Pollard*, 832 A.2d 517 (Pa.Super. 2003). A defendant

who decides to plead guilty is bound by the statements he makes while under oath, "and he may not later assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy." *Id.* at 523. "Our law does not require that a defendant be totally pleased with the outcome of his decision to plead guilty, only that his decision be voluntary, knowing and intelligent." *Id.* at 524.

Here, the trial court observed:

> In this case, [Appellant] entered a knowing, intelligent and voluntary plea of guilty on October 10, 2024. [Appellant] understood the rights he was giving up by entering his plea of guilty. The totality of the circumstances indicate that he understood that a jury would be comprised of his peers, that he has the right to participate in jury selection and that the jury's verdict would need to be unanimous.
>
> [Appellant] completed a written colloquy in connection with his guilty plea, which the court reviewed and admitted into evidence. [Appellant] initialed each page and signed the last page of the written colloquy with his attorney. [Appellant] stated that he answered each question truthfully. He stated that his answers would be the same under oath. He affirmed that no one forced, threatened or coerced him into entering an open plea of guilty.
>
> [Appellant] acknowledged in the written guilty plea colloquy that he had sufficient time to talk with his attorney and that his attorney told him what the words in the colloquy mean. [Appellant] affirmed that no one forced him or coerced him to enter into this plea, and that he was pleading guilty on his own free will.
>
> [Appellant] indicated in the written colloquy that he understood that by pleading guilty he was giving up his right to a jury trial, which includes the right to take part in jury selection, that the jury is chosen from the voters registration list and licensed drivers of Montgomery County, that the

jury's verdict would have to be unanimous, and that the jury must agree on his guilt beyond a reasonable doubt before he can be convicted. [Appellant] understood that it is the Commonwealth's burden to prove his guilt beyond a reasonable doubt. [Appellant] understood that he does not have to prove his innocence, he is presumed innocent, and he has the right to remain silent at trial.

[Appellant] participated in an oral colloquy under oath. Trial counsel and the court conducted an oral colloquy of [Appellant] to establish that he understood the trial rights he was relinquishing by entering a plea of guilty. [Appellant] stated that if he were asked the questions contained in the written colloquy under oath on the record the answers would remain the same and would be truthful. [Appellant] affirmed that he understood that in this case he has a right to a jury trial. He affirmed that he understood at trial he would be presumed innocent until proven guilty, that the Commonwealth has the burden of proving his guilt beyond a reasonable doubt, and that he would have the absolute right to remain silent and neither a judge nor a jury could hold that against him. [Appellant] affirmed that he was satisfied with his attorney's representation. [Appellant] testified that, knowing all of the rights to a jury trial that he is giving up by entering into a guilty plea, it was still his intent to move forward with the plea. [Appellant] affirmed that the decision to enter into a guilty plea is a decision he made of his own free will. [Appellant] understood the nature of the charges to which he was pleading guilty, the elements of each charge and what the Commonwealth would have to prove. [Appellant] understood there was no agreement as to his sentence and that the court would decide his sentence.

During the oral colloquy of [Appellant], trial counsel asked him the following questions related to his understanding of his right to a jury trial:

Q. Do you understand in this case you would have right to a jury trial?

A. Yes, sir.

Q. And at that trial, you would be presumed innocent

- 7 -

until found guilty?

A. Yes.

Q. And it would be the Commonwealth of Pennsylvania's burden of proving your guilt beyond a reasonable doubt?

A. Yes.

Q. And you would have the absolute right to remain silent, and neither a judge nor a jury could hold that against you?

A. Yes.

(N.T. Guilty Plea [10/10/24], at 6-7).

The on-the-record colloquy did not explicitly address that the jury would be composed of [Appellant's] peers, that [Appellant] would have the right to participate in jury selection and that the jury's verdict had to be unanimous. However, the written colloquy specifically addressed those rights, and [Appellant] indicated that he understood those rights and that he was relinquishing them.

Based on the totality of the circumstances, [Appellant] had a full understanding of the nature and consequences of his plea. [Appellant] understood that by pleading guilty he was giving up his right to a jury trial. [Appellant] understood the essential rights of a jury trial. [Appellant] was aware of his rights and the rights he was giving up by proceeding with a guilty plea. The written colloquy addressed the points not addressed in the oral colloquy. [Appellant] asserted on the record that the answers he gave on the written colloquy were true and correct. [Appellant] asserted on the record that his answers in the written colloquy would be the same under oath. The written guilty plea colloquy explicitly addressed the rights associated with a jury trial. The fact that [Appellant's] oral colloquy did not explicitly address that jury would be composed of [Appellant's] peers, that [Appellant] would have the right to participate in jury selection and that the jury's verdict had to be unanimous does not invalidate his knowing, intelligent and voluntary

guilty plea.

(Trial Court Opinion, 10/4/25, at 4-8) (some citations omitted).

The record supports the trial court's analysis. (*See* N.T. Guilty Plea, 10/10/24, at 5-14; Written Guilty Plea Colloquy, 10/10/24, at 1-10). Under the totality of the circumstances, the record confirms that Appellant's guilty plea was knowing, voluntary, and intelligent. ***See Rush, supra***; ***Muhammad, supra***. ***See also Commonwealth v. Bedell***, 954 A.2d 1209 (Pa.Super. 2008), *appeal denied*, 600 Pa. 742, 964 A.2d 893 (2009) (explaining that written guilty plea colloquy can supplement oral colloquy in demonstrating voluntariness of plea). Therefore, even if Appellant had preserved his appellate issue, it would merit no relief in any event. Accordingly, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 11/10/2025

J-S38024-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
CODY MOSER :
:
Appellant : No. 1014 EDA 2025

Appeal from the Judgment of Sentence Entered December 13, 2024
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s): CP-46-CR-0003331-2023

BEFORE: McLAUGHLIN, J., KING, J., and BENDER, P.J.E.

MEMORANDUM BY KING, J.: **FILED NOVEMBER 10, 2025**

Appellant, Cody Moser, appeals from the judgment of sentence entered in the Montgomery County Court of Common Pleas, following his open guilty plea to terroristic threats and stalking.[1] We affirm.

The relevant facts and procedural history of this matter are as follows. On November 15, 2023, the Commonwealth filed a criminal information charging Appellant with two counts of harassment and one count each of terroristic threats and stalking, based upon Appellant's repeated and unwanted emails and text messages sent to his ex-girlfriend, in which Appellant referenced harm that could come to either him or to her. On October 10, 2024, Appellant entered an open guilty plea to terroristic threats and stalking. On December 13, 2024, the court sentenced Appellant to an

_____

[1] 18 Pa.C.S.A. §§ 2706 and 2709.1, respectively.

aggregate term of 9 to 23 months' imprisonment and a consecutive term of 5 years' probation. Notably, Appellant did not request to withdraw his guilty plea either before or after sentencing. On December 23, 2024, Appellant timely filed a post-sentence motion, in which he requested reconsideration of his sentence. Appellant argued that mitigating factors existed which would justify a downward deviation from his current sentence. On March 17, 2025, the court denied Appellant's motion.

On April 10, 2025, Appellant timely filed a notice of appeal. On April 17, 2025, the court ordered Appellant to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal within 21 days of the date of the order. On May 14, 2025, Appellant filed his Rule 1925(b) statement, asserting for the first time that the court had erred in accepting Appellant's guilty plea because it was unknowing and involuntary.

On appeal, Appellant raises the following issue for review:

> Did the [trial] court err in accepting [Appellant's] guilty plea since the plea was not knowing and voluntarily entered because [Appellant's] oral guilty plea colloquy failed to explain that a jury would be composed [of Appellant's] peers, that [Appellant] would have the right to participate in jury selection, and that the jury's verdict would need to be unanimous?

(Appellant's Brief at 3).

Appellant argues that the court erred in accepting his guilty plea because his guilty plea colloquy was defective. According to Appellant, the colloquy failed to explain that Appellant had the right to be tried by a jury of his peers, the right to participate in jury selection, and that the jury's verdict would need

- 2 -

to be unanimous. Appellant claims his plea was unknowing and involuntary where he was not informed of these rights. Appellant concludes that he is entitled to relief on these grounds, and this Court must vacate his judgment of sentence and permit him to withdraw his guilty plea.[2] We disagree.

As a preliminary matter, it is well settled that generally only issues properly raised in a timely Rule 1925(b) statement are preserved for appellate review. **See Castillo, supra**. **See also** Pa.R.A.P. 1925(b)(4)(vii) (stating that "[i]ssues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived"). However, "[i]f there has been an untimely filing, this Court may decide the appeal on the merits if the trial court had adequate opportunity to prepare an opinion addressing the issues being raised on appeal." **Commonwealth v. Burton**, 973 A.2d 428, 433 (Pa.Super. 2009).

Instantly, Appellant did not file his Rule 1925(b) statement until May 8, 2025, which was beyond the 21-day deadline provided in the court's Rule 1925(b) order. Nevertheless, because the trial court addressed the issues raised in Appellant's Rule 1925(b) statement on the merits in the court's Rule 1925(a) opinion, we decline to find waiver for this reason. **See id.**

As a second preliminary matter, we observe:

_____

[2] Appellant also asserts that the colloquy failed to explain his right to confront witnesses, including the right to cross-examine Commonwealth witnesses. Nevertheless, Appellant failed to preserve this issue in his Rule 1925(b) statement, so it is waived on appeal. **See Commonwealth v. Castillo**, 585 Pa. 395, 403, 888 A.2d 775, 780 (2005).

> "Issues not raised in the [trial] court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a); **see also Commonwealth v. D'Collanfield**, 805 A.2d 1244, 1246 (Pa.Super. 2002) (finding that the appellant's issue challenging his guilty plea was waived since it was not raised at the sentence colloquy, at the sentencing hearing, or through a post-sentence motion). Moreover, "[a] party cannot rectify the failure to preserve an issue by proffering it in response to a Rule 1925(b) order." **Commonwealth v. Kohan**, 825 A.2d 702, 706 (Pa.Super. 2003) (citations omitted).

**Commonwealth v. Watson**, 835 A.2d 786, 791 (Pa.Super. 2003). **See also** Pa.R.Crim.P. 720(B)(1)(a)(i) (governing post-sentence motion to withdraw guilty plea).

Here, our review of the record reveals that Appellant did not challenge the entry of his guilty plea at the plea hearing or on the day of sentencing, either before or after the imposition of sentence. Further, in his post-sentence motion, Appellant challenged only the discretionary aspects of his sentence. Appellant did not raise his claim on appeal seeking to withdraw his guilty plea until the belated filing of his Rule 1925(b) statement. Therefore, Appellant has waived his sole issue due to his failure to properly preserve it in the trial court. **See id.**; **Watson, supra**.

Moreover, even if properly preserved, Appellant's issue would not merit relief. "[A] defendant who attempts to withdraw a guilty plea after sentencing must demonstrate prejudice on the order of manifest injustice before withdrawal is justified." **Commonwealth v. Pantalion**, 957 A.2d 1267, 1271 (Pa.Super. 2008). "A plea rises to the level of manifest injustice when it was entered into involuntarily, unknowingly, or unintelligently." **Id.** (quoting

***Commonwealth v. Muhammad***, 794 A.2d 378, 383 (Pa.Super. 2002)).

Our Rules of Criminal Procedure mandate that pleas are taken in open court and the court must conduct an on-the-record colloquy to ascertain whether a defendant is aware of his rights and the consequences of his plea. ***Commonwealth v. Hodges***, 789 A.2d 764 (Pa.Super. 2002). Specifically, the court must affirmatively demonstrate a defendant understands: (1) the nature of the charges to which he is pleading guilty; (2) the factual basis for the plea; (3) his right to trial by jury; (4) the presumption of innocence; (5) the permissible ranges of sentences and fines possible; and (6) that the judge is not bound by the terms of any plea agreement unless the judge accepts the agreement. ***See Watson, supra*** at 796-97. ***See also*** Pa.R.Crim.P. 590, *Comment*.

This Court will evaluate the adequacy of the plea colloquy and the voluntariness of the resulting plea by examining the totality of the circumstances surrounding the entry of that plea. ***Muhammad, supra***. A guilty plea will be deemed valid if an examination of the totality of the circumstances surrounding the plea shows that the defendant had a full understanding of the nature and consequences of his plea such that he knowingly and intelligently entered the plea of his own accord. ***Commonwealth v. Rush***, 909 A.2d 805 (Pa.Super. 2006).

Pennsylvania law presumes a defendant who entered a guilty plea was aware of what he was doing and bears the burden of proving otherwise. ***Commonwealth v. Pollard***, 832 A.2d 517 (Pa.Super. 2003). A defendant

who decides to plead guilty is bound by the statements he makes while under oath, "and he may not later assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy." *Id.* at 523. "Our law does not require that a defendant be totally pleased with the outcome of his decision to plead guilty, only that his decision be voluntary, knowing and intelligent." *Id.* at 524.

Here, the trial court observed:

> In this case, [Appellant] entered a knowing, intelligent and voluntary plea of guilty on October 10, 2024. [Appellant] understood the rights he was giving up by entering his plea of guilty. The totality of the circumstances indicate that he understood that a jury would be comprised of his peers, that he has the right to participate in jury selection and that the jury's verdict would need to be unanimous.
>
> [Appellant] completed a written colloquy in connection with his guilty plea, which the court reviewed and admitted into evidence. [Appellant] initialed each page and signed the last page of the written colloquy with his attorney. [Appellant] stated that he answered each question truthfully. He stated that his answers would be the same under oath. He affirmed that no one forced, threatened or coerced him into entering an open plea of guilty.
>
> [Appellant] acknowledged in the written guilty plea colloquy that he had sufficient time to talk with his attorney and that his attorney told him what the words in the colloquy mean. [Appellant] affirmed that no one forced him or coerced him to enter into this plea, and that he was pleading guilty on his own free will.
>
> [Appellant] indicated in the written colloquy that he understood that by pleading guilty he was giving up his right to a jury trial, which includes the right to take part in jury selection, that the jury is chosen from the voters registration list and licensed drivers of Montgomery County, that the

jury's verdict would have to be unanimous, and that the jury must agree on his guilt beyond a reasonable doubt before he can be convicted. [Appellant] understood that it is the Commonwealth's burden to prove his guilt beyond a reasonable doubt. [Appellant] understood that he does not have to prove his innocence, he is presumed innocent, and he has the right to remain silent at trial.

[Appellant] participated in an oral colloquy under oath. Trial counsel and the court conducted an oral colloquy of [Appellant] to establish that he understood the trial rights he was relinquishing by entering a plea of guilty. [Appellant] stated that if he were asked the questions contained in the written colloquy under oath on the record the answers would remain the same and would be truthful. [Appellant] affirmed that he understood that in this case he has a right to a jury trial. He affirmed that he understood at trial he would be presumed innocent until proven guilty, that the Commonwealth has the burden of proving his guilt beyond a reasonable doubt, and that he would have the absolute right to remain silent and neither a judge nor a jury could hold that against him. [Appellant] affirmed that he was satisfied with his attorney's representation. [Appellant] testified that, knowing all of the rights to a jury trial that he is giving up by entering into a guilty plea, it was still his intent to move forward with the plea. [Appellant] affirmed that the decision to enter into a guilty plea is a decision he made of his own free will. [Appellant] understood the nature of the charges to which he was pleading guilty, the elements of each charge and what the Commonwealth would have to prove. [Appellant] understood there was no agreement as to his sentence and that the court would decide his sentence.

During the oral colloquy of [Appellant], trial counsel asked him the following questions related to his understanding of his right to a jury trial:

Q. Do you understand in this case you would have right to a jury trial?

A. Yes, sir.

Q. And at that trial, you would be presumed innocent

until found guilty?

A. Yes.

Q. And it would be the Commonwealth of Pennsylvania's burden of proving your guilt beyond a reasonable doubt?

A. Yes.

Q. And you would have the absolute right to remain silent, and neither a judge nor a jury could hold that against you?

A. Yes.

(N.T. Guilty Plea [10/10/24], at 6-7).

The on-the-record colloquy did not explicitly address that the jury would be composed of [Appellant's] peers, that [Appellant] would have the right to participate in jury selection and that the jury's verdict had to be unanimous. However, the written colloquy specifically addressed those rights, and [Appellant] indicated that he understood those rights and that he was relinquishing them.

Based on the totality of the circumstances, [Appellant] had a full understanding of the nature and consequences of his plea. [Appellant] understood that by pleading guilty he was giving up his right to a jury trial. [Appellant] understood the essential rights of a jury trial. [Appellant] was aware of his rights and the rights he was giving up by proceeding with a guilty plea. The written colloquy addressed the points not addressed in the oral colloquy. [Appellant] asserted on the record that the answers he gave on the written colloquy were true and correct. [Appellant] asserted on the record that his answers in the written colloquy would be the same under oath. The written guilty plea colloquy explicitly addressed the rights associated with a jury trial. The fact that [Appellant's] oral colloquy did not explicitly address that jury would be composed of [Appellant's] peers, that [Appellant] would have the right to participate in jury selection and that the jury's verdict had to be unanimous does not invalidate his knowing, intelligent and voluntary

guilty plea.

(Trial Court Opinion, 10/4/25, at 4-8) (some citations omitted).

The record supports the trial court's analysis. (*See* N.T. Guilty Plea, 10/10/24, at 5-14; Written Guilty Plea Colloquy, 10/10/24, at 1-10). Under the totality of the circumstances, the record confirms that Appellant's guilty plea was knowing, voluntary, and intelligent. *See Rush, supra*; *Muhammad, supra*. *See also Commonwealth v. Bedell*, 954 A.2d 1209 (Pa.Super. 2008), *appeal denied*, 600 Pa. 742, 964 A.2d 893 (2009) (explaining that written guilty plea colloquy can supplement oral colloquy in demonstrating voluntariness of plea). Therefore, even if Appellant had preserved his appellate issue, it would merit no relief in any event. Accordingly, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 11/10/2025